CENTENNIAL INSURANCE CO., APPELLANT, *v.*
LIBERTY MUTUAL INSURANCE CO., APPELLEE.

[Cite as Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982),
69 Ohio St. 2d 50.]

(No. 81-60—Decided January 20, 1982.)

*Mansour, Gavin, Gerlack & Manos Co., L.P.A.,* and *Mr. Richard J. McGraw,* for appellant.

*Messrs. Baker & Hostetler, Mr. Albert J. Knopp, Mr. Paul S. Turner* and *Ms. Wendy J. Gibson,* for appellee.

LOCHER, J. This cause presents one issue: whether a court of appeals may tax as a cost the premium paid for a supersedeas bond.

This court has consistently limited the categories of expenses which qualify as "costs." "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the

statutes authorize to be taxed and included in the judgment * * * . * * * Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * * ." *State, ex rel. Commrs. of Franklin County,* v. *Guilbert* (1907), 77 Ohio St. 333, 338-339, quoted, in part, with approval in *Benda* v. *Fana* (1967), 10 Ohio St. 2d 259, 262-263.

Today, we reaffirm the principle that "[t]he subject of costs is one entirely of statutory allowance and control." *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, 607, quoted with approval in *Sorin* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 177, 179. It is undisputed that there is no statute which expressly permits a court to tax as a cost the *expense* of a premium paid for a supersedeas bond.

Liberty argues, however, that it was required to purchase the supersedeas bond or pay the judgment in order to eliminate the possibility of a public hearing to show cause for its failure to do either.[1] This hearing, Liberty argues, could be harmful to its business. Liberty's exposure, however, is comparable to that faced by an individual litigant who must provide a bond or risk attachment proceedings. Foreclosure or garnishment can be troublesome to one's personal and economic well-being.[2]

Accordingly, the Court of Appeals erred in ordering that Centennial reimburse Liberty for the expense of a supersedeas bond.

---

[1] R. C. 3903.03 provides, in pertinent part:

"The superintendent of insurance * * * may petition the court of common pleas * * * for an order directing * * * [an insurance] company to show cause why an order to rehabilitate or to liquidate the company should not be entered, and for such other relief as the nature of the case and the interests of its policyholders, contract holders, creditors, members, stockholders, or the public require, when such company:
" * * *

"(M) Has refused or neglected to satisfy or stay the execution of any final judgment within thirty days after the entry thereof."

[2] Likewise, Liberty's reliance on *Dickinson* v. *Hot Mixed Bituminous Industry of Ohio* (1943), 41 Ohio Law Abs. 269, is misplaced. In *Dickinson,* the trial court issued a restraining order in a taxpayer's suit on the condition that the plaintiff provide a bond in order to preserve a fund for payment of judgment. "While not free from doubt," *id.,* at 279, the Court of Appeals affirmed this ruling. We can find no published case in any court which cites *Dickinson* for its rationale as to court costs. We could distinguish *Dickinson.* In light of our holding, however, we expressly disapprove of its reasoning and result as to the issue of court costs.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

