GLAVAN et al., Appellants,

v.

LINCOLN ELECTRIC COMPANY, Appellee.

[Cite as *Glavan v. Lincoln Elec. Co.* (1992), 78 Ohio App.3d 227.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59776.

Decided Feb. 10, 1992.

*Lallo & Feldman* and *Nancy L. Gervinski,* for appellants.
*Jones, Day, Reavis & Pogue* and *Kim Bixenstein,* for appellee.

NAHRA, Judge.

On May 28, 1987, Ronald Glavan and his wife, plaintiffs-appellants, filed a complaint against the Lincoln Electric Company ("Lincoln Electric"), alleging intentional tort. The Glavans alleged that Ronald was injured while operating an overhead crane at work, and that the injury resulted from Lincoln Electric's willful, intentional and malicious failure to maintain and provide proper brakes on the crane. They further alleged that Lincoln Electric's conduct created an extremely hazardous and dangerous condition known to Lincoln Electric. Discovery commenced and a variety of people were deposed. Lincoln Electric deposed the following people: the Glavans; Phillip Howard, an expert designated by the Glavans; and Henry Becker, another expert designated by the Glavans. The Glavans deposed six Lincoln Electric employees, and one expert designated by Lincoln Electric.

On August 8, 1988, Lincoln Electric filed a motion for summary judgment, which the trial court subsequently granted. The Glavans appealed the trial court's ruling and this court affirmed, finding that there were no genuine issues of material fact with respect to the intentional tort claim and that Lincoln Electric was entitled to judgment as a matter of law. *Ronald Glavan v. Lincoln Elec. Co.* (Feb. 22, 1990), Cuyahoga App. No. 56611, unreported, 1990 WL 15309. On March 27, 1990, Lincoln Electric filed an application to tax costs pursuant to Civ.R. 54(D). In support of such application, Lincoln Electric submitted a bill of costs totalling $3,526.35. The trial court denied Lincoln Electric's motion with respect to filing charges as well as photocopying charges. However, the trial court granted Lincoln Electric's motion with respect to court reporter and transcript charges as well as with respect to fees charged to Lincoln Electric by the plaintiffs' experts in connection with their depositions. The trial court ruled that Lincoln Electric was entitled to $3,495.35 for such costs. The Glavans' timely appeal follows.

## I

Appellants' first assignment of error states:

"The court erred in granting defendant's costs in this case for the reason that there was no statute which allows the defendant to recover the costs itemized in [its] motion, to wit deposition costs and expert witness fees."

The Glavans assert that the trial court erred by awarding Lincoln Electric litigation expenses because there was no statute which allows for recovery of such expenses.

Civ.R. 54(D) provides:

"(D) Costs.  Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

In *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 449, 2 OBR 542, 544, 442 N.E.2d 791, 794, this court established a two-prong test for awarding costs pursuant to a motion to tax an expense as costs under Civ.R. 54(D):

1.  The trial court must determine whether the litigating expense in question is a necessary litigating expense;  and

2.  If so, whether the litigating expense is reasonable to tax in the particular case.  See, also, *Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 39, 528 N.E.2d 961, 964.

Civ.R. 54(D) allows the assessment of costs of depositions and court reporters' services where the expenses were necessary and vital expenditures of litigation.  *Id.;*  see *Jones v. Pierson, supra,* 2 Ohio App.3d at 449, 2 OBR at 544–545, 442 N.E.2d at 794.

A trial court's discretion to disallow costs is restricted to refusing to tax litigating costs only where such expense is unusual in type or amount which, because of the prevailing party's conduct, makes the assessment against the nonprevailing party inequitable.  *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 25 OBR 118, 495 N.E.2d 441, paragraph three of the syllabus. The Glavans have failed to demonstrate how the trial court abused its discretion or how the assessment of costs against them was inequitable with respect to deposition costs.  Their blanket statement that the assessments are impermissible because no statute allows for them is contrary to the clear dictate of Civ.R. 54(D).  See, also, *Jones v. Pierson, supra.*  We do not believe that the trial court abused its discretion in taxing as costs deposition and transcript expenses incurred by Lincoln Electric.  The $1,993.80 in deposition

expenses was reasonable and necessary in support of Lincoln Electric's successful summary judgment motion.

Appellants' assignment of error is overruled.

## II

Appellants' second assignment of error states:

"It was error for the trial court to authorize the payment of appellants' expert witness fees."

The trial court also taxes as costs $1,164.95, which represented the fees paid by Lincoln Electric to the plaintiffs' experts for their appearance at depositions.

The Glavans contend that the trial court erred by awarding such expert fees. A party's expert witness' fee is not taxable as costs and should not be assessed against the losing party. *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 21 OBR 228, 487 N.E.2d 347; *Dorko v. Woodruff* (1988), 42 Ohio App.3d 13, 14, 536 N.E.2d 56, 57–58; see *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 260–261, 18 OBR 314, 315, 480 N.E.2d 1101, 1102–1103; see, also, *Glover v. Massey* (Jan. 11, 1990), Cuyahoga App. Nos. 56351 and 56802, unreported, 1990 WL 1328. Therefore, the trial court erred when it awarded Lincoln Electric expert witness fees of $1,164.95. Accordingly, the judgment of the trial court should be reduced by such amount.

Appellants' assignment of error is sustained.

## III

Appellants' third assignment of error states:

"The trial court erred in granting the motion to tax costs of the appellee for the reason that it will have a chilling affect upon future litigation."

The Glavans argue that the award of costs in the case at bar will have a chilling effect on future litigation. They assert that plaintiffs will not likely pursue viable claims with the knowledge that they could be saddled with costs of depositions of experts and others. However, the Glavans provide no authority at all in support of their allegation. We do not believe that such a bald assertion has merit.

Accordingly, appellants' assignment of error is overruled.

The judgment of the trial court is modified, and as modified, affirmed.

*Judgment accordingly.*

DYKE, P.J., and SPELLACY, J., concur.