MILLER, Appellee,

v.

GUSTUS, Appellant, et al.

[Cite as *Miller v. Gustus* (1993), 90 Ohio App.3d 622.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1339.

Decided Sept. 30, 1993.

*Clarence Thomas Gordon,* for appellee.

*Richard F. Swope,* for appellant.

*James W. Adair III,* for defendant Willie Lee et al.

WHITESIDE, Judge.

Defendant-appellant, Leroy Gustus ("defendant"), appeals from a judgment of the Franklin County Common Pleas Court in favor of plaintiff-appellee, Johnny Boyd Miller III, and raises the following assignment of error:

"The trial court erred in [its] award of attorney fees and assessment of costs."

Plaintiff sued defendant (and others) alleging assault and battery by defendant. The case was tried before a jury, which awarded plaintiff $15,000 in compensatory damages from defendant and found the act to be willful and malicious. The plaintiff filed a motion to tax costs, including litigation expenses and punitive damages. The trial court conducted an oral hearing on the issue of punitive damages and attorney fees. The court awarded plaintiff $1,500 in punitive damages and $1,500 for attorney fees. Additionally, the trial court taxed certain litigation expenses as costs. Defendant filed a timely notice of appeal. The case was consolidated with case No. 92AP–1400, but that case was dismissed.

By his assignment of error, defendant contends that the trial court erred in its award of attorney fees and assessment of costs.[1] The Ohio Supreme Court has stated the general rule regarding attorney fees in *Gahanna v. Eastgate Properties, Inc.* (1988), 36 Ohio St.3d 65, 66, 521 N.E.2d 814, 816, as follows:

" * * * Generally, a prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the breaching party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. * * * " Citing *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527. See, also, *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, 56, 6 OBR 73, 74, 451 N.E.2d 248, 249; *State ex rel. Grosser v. Boy* (1976), 46

---

1. Plaintiff argues that defendant's brief should be stricken from the record for not complying with the appellate rules. However, the violations are technical, minor and nonprejudicial. Plaintiff also argues that this court cannot decide the assignment of error since no transcript of the proceedings was filed. However, to the extent that the issues involved here can be decided on the transmitted record on appeal, no transcript of proceedings is required.

Ohio St.2d 184, 75 O.O.2d 228, 347 N.E.2d 539; *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232, 423 N.E.2d 1099, 1103; *Gunsorek v. Addison* (Jan. 24, 1991), Franklin App. No. 90AP–303, unreported, 1991 WL 7266.

The jury in this case found that defendant's act was willful and malicious. With that finding, the trial court awarded $1,500 in attorney fees. This award was only ten percent of the compensatory damages assessed against defendant and cannot be found to be *per se* unreasonable as a matter of law. Since there is no transcript of proceedings before us, we cannot determine whether the award of fees is factually supported, so that issue is not presented. However, we note plaintiff attached to the motion for attorney fees his attorney's affidavit showing attorney fees in the amount of $10,000. Therefore, the defendant's assignment of error is not well taken as to attorney fees.

By the second part of his assignment of error, defendant contends that the trial court erred in including trial expenses in its assessment of costs. The trial court taxed the following litigation expenses as costs in addition to the costs taxed by the clerk, pursuant to R.C. 2303.20 to 2303.28:

| | | |
|---|---|---:|
| "1. | Medical Records | $ 25.40 |
| "2. | Deposition of Leroy Gustus | $ 324.00 |
| "3. | Deposition fee of Dr. Burdge | $ 800.00 |
| "4. | Medical records | $ 129.98 |
| "Total | | $1,279.38 |

"(Entry, Aug. 25, 1992.)"

Civ.R. 54(D) provides for costs as follows:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

R.C. 2303.20 specifies each cost that the clerk of the court of common pleas shall charge; and other statutes, such as R.C. 2301.21, 2303.22, and R.C. Chapter 2335, provide for additional fees to be taxed as costs. Depositions, doctor deposition fees, expert witness fees and medical records are not specified as costs in either R.C. 2303.20 or R.C. Chapter 2335. Nor has plaintiff pointed to any statutory authority. In fact, the Ohio Supreme Court has stated in *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 8, 14 O.O.3d 122, 122, 396 N.E.2d 218, 219, that "Ohio case law has formulated the policy that depositions taken *de bene esse,* but not actually used at trial, shall *not* be taxed as a cost of the action." (Emphasis *sic.*) Thus, Ohio courts have developed the rule that, if depositions are not used as evidence in the trial court, the expense of such depositions should not be

included in the costs. See, also, *Shaffer v. Cornwell* (Sept. 19, 1989), Franklin App. No. 89AP–196, unreported, 1989 WL 107558, in which we held that the expense of a discovery deposition that is not "read" into evidence does not constitute costs.

▮ In plaintiff's motion for costs, he describes the use of the depositions. Only the cost of the deposition of Gustus was included in the award, and it allegedly was used during cross-examination. Moreover, the bill attached to the motion suggests that the $324 awarded for the Gustus deposition includes the cost of two copies of the deposition (not just one), consisting of seventy-four pages at $3.55 per page for both copies. The record also reflects that the deposition was filed in the trial court prior to trial. R.C. 2319.27 does provide for the fees for taking a deposition, but the record does not reflect an express certification to the clerk by the person taking the deposition. The envelope containing the unsigned "court-reporter" deposition of Gustus did have a stamp indicating taxable costs of $224.29. This figure was crossed out, and $348.29 was written beside it. There is no indication that either figure is the actual cost for the single filed copy. Therefore, upon remand of this cause, the trial court's determination, necessarily, must be based upon whether the deposition was used (not just filed) in the trial court and, if so, the reasonable expense of the single copy so used. Additionally, expert witness fees are not to be taxed as costs. *Shaffer, supra,* citing *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 216, 21 OBR 228, 231, 487 N.E.2d 347, 349. Rather, witness fees are fixed pursuant to R.C. 2335.06, which makes no provision for additional fees for expert witnesses.

Plaintiff cites *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791, a case from the Cuyahoga County Court of Appeals. In dicta in *Jones,* the court suggested there is a trend evidenced by Civ.R. 54(D) "to broaden the scope of what constitutes an awardable cost" beyond those costs specifically designated by statute. *Jones,* at 448, 2 OBR at 544, 442 N.E.2d at 793.

This court has declined to adopt the *Jones* court dicta reasoning. See *Cooper v. Foster* (Feb. 14, 1989), Franklin App. No. 88AP–326, unreported, 1989 WL 11941.[2] Additionally, the Second District Court of Appeals and the Fourth District Court of Appeals have also rejected the reasoning of the *Jones* dicta. See *Gold; Howard v. Wills* (1991), 77 Ohio App.3d 133, 138, 601 N.E.2d 515, 518,

---

2. The reasoning in *Jones* relating to the two-step analysis and whether the official court reporter's attendance at trial is a necessary and vital expenditure of litigation and a taxable cost is dicta since the court affirmed the trial court's denial of costs because the appellant had not complied with the statute requiring moving for the attendance of an official court reporter prior to trial. Additionally, *Jones* arose in municipal court, to which a different cost statute is applicable.

at fn. 2. However, the judgment in *Jones* affirmed a denial of the inclusion in costs of both deposition expense and the expense of an unofficial court reporter.

This court in *Cooper* found more appropriate the reasoning of the concurring opinion in *Jones* which found the rationale in *Farmer v. Arabian Am. Oil Co.* (1964), 379 U.S. 227, 235, 85 S.Ct. 411, 415, 13 L.Ed.2d 248, 254, persuasive:

" ' * * * We do not read * * * [Fed.R.Civ.P. 54(d) ] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of the Rule is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation. * * * ' " *Cooper*, at 11.

■ Plaintiff's medical record expenses are also not taxable as costs. In *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925, the Ohio Supreme Court defined "costs" as:

" ' * * * being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment * * *[.] Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *.' " *Centennial*, at 50–51, 23 O.O.3d at 89, 430 N.E.2d at 926, quoting *State ex rel. Commrs. of Franklin Cty. v. Guilbert* (1907), 77 Ohio St. 333, 338–339, 83 N.E. 80, 80, and quoted, in part, with approval in *Benda v. Fana* (1967), 10 Ohio St.2d 259, 262–263, 39 O.O.2d 410, 413, 227 N.E.2d 197, 200–201.

In *Centennial*, the court reaffirmed the principle that costs are controlled by statute. *Centennial*, 69 Ohio St.2d at 51, 23 O.O.3d at 89, 430 N.E.2d at 926. There is currently no statute which permits medical-record expenses to be taxed as costs. Therefore, the trial court erred in assessing such costs against defendant. Defendant's assignment of error as it relates to costs is well taken.

For the foregoing reasons, defendant's assignment of error is overruled with respect to the award of attorney fees and is sustained with respect to the inclusion of litigation expenses in court costs, and the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this

cause is remanded to that court with instructions to retax costs in accordance with law, consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded*
*with instructions.*

BOWMAN and JOHN C. YOUNG, JJ., concur.