CARR, Appellant,

v.

LUNNEY, Appellee.

[Cite as *Carr v. Lunney* (1995), 104 Ohio App.3d 139.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67353.

Decided May 30, 1995.

---

*Nurenberg, Plevin, Heller & McCarthy, Anne L. Kilbane* and *Joel Levin,* for appellant.

*Meyers, Hentemann, Schneider & Rea* and *Henry A. Hentemann,* for appellee.

O'Donnell, Judge.

Appellant, Joann Carr, appeals from the order of the trial court awarding as costs certain deposition expenses incurred by appellee Robert F. Lunney in successfully defending against her claim.

On March 8, 1989, Lunney backed his 1985 Cutlass out of a parking space in a shopping center at W. 130th and S.R. 82 and was struck by a 1982 Chevette driven by Carr. Carr filed suit against Lunney and on April 27, 1993, a jury returned a defense verdict in favor of Lunney. Carr appealed and this court affirmed the verdict in case No. 65594.

Ten days after the jury verdict, defense counsel moved the court to tax the following deposition expenses as trial costs in an effort to require plaintiff to absorb them:

| | | |
|---|---|---:|
| 1. | Deposition transcript—Joanne Carr | $178.60 |
| 2. | Videotape trial deposition—Ben Ortega, M.D. | 366.10 |
| 3. | Trial playback expenses for videotape depositions of Dr. Ortega, Dr. Babbush and Dr. Carlson | 303.75 |
| 4. | Videotape trial deposition—Roland Carlson, M.D. | 353.50 |

| | | |
|---|---|---|
| 5. | Videotape trial deposition—Melvin Shafron, M.D. | $447.50 |
| 6. | Videotape trial deposition—Charles Babbush, M.D. | 444.00 |
| 7. | Partial transcript of trial court proceeding used in closing argument | 30.00 |
| 8. | Deposition transcript—Vasu Pandrangi, M.D. | 84.00 |
| 9. | Deposition transcript—Jeffrey Morris, M.D. | 145.00 |
| 10. | Deposition transcript—Mark Kyle, D.D.S. | 152.50 |
| 11. | Deposition transcript—Bhupinder Sawny, M.D. | 122.50 |
| | TOTAL EXPENSES | $2,627.45 |

The trial judge granted the motion and ordered plaintiff to pay defense counsel $2,627.45, the full amount of the request. Plaintiff now appeals and raises one assignment of error:

"The trial court erred in granting defendant-appellee's post-judgment motion to tax costs pursuant to Ohio Rule of Civil Procedure 54(D)."

█ Carr believes that the trial court erred in awarding these charges to Lunney because they are not taxable costs under Ohio law. Lunney believes that the trial court did not err when it awarded him his costs in the underlying action because, he argues, the court can exercise its discretion in the matter. The issue for our review is whether the trial court erred in awarding Lunney these charges.

We begin our analysis by examining Civ.R. 54(D), which provides:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

The Ohio Supreme Court has recently ruled on the issue of costs in *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156, wherein it held that Civ.R. 54(D) "grants the court discretion to order that the prevailing party bear all or part of his or her own costs." The court in *Vance,* citing *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 430 N.E.2d 925, stated:

" 'This court has consistently limited the categories of expenses which qualify as "costs." "Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment * * *. * * * Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute * * *." ' " *State, ex rel. Commrs. of Franklin County, v. Guilbert* (1907), 77 Ohio St. 333, 338–339 [83 N.E. 80, 81], quoted, in part, with approval in *Benda v. Fana* (1967), 10 Ohio St.2d 259, 262–263 [39 O.O.2d 410, 413, 227 N.E.2d 197, 200–201].

" 'Today, we reaffirm the principle that "[t]he subject of costs is one entirely of statutory allowance and control." *State, ex rel. Michaels, v. Morse* (1956), 165 Ohio St. 599, 607 [60 O.O. 531, 535, 138 N.E.2d 660, 666], quoted with approval in *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179 [75 O.O.2d 224, 225, 347 N.E.2d 527, 529]. * * * ' " *Id.,* 69 Ohio St.2d at 50–51, 23 O.O.3d at 89, 430 N.E.2d at 926.

Our court, in *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772, in applying *Vance,* found that since there is no statutory authorization for taxing deposition costs, a court may not properly make such an award under Civ.R. 54(D).

While we fully understand the trial court's desire to exercise its discretion as granted by Civ.R. 54(D) and as enunciated in *Vance, supra,* nonetheless, we are governed by the *Vance* holding that the subject of costs is one of statutory control. Since there is no statute authorizing the taxing of deposition costs, we are precluded from allowing the trial judge to exercise discretion in this regard and, therefore, the only costs which can be assessed against a party are those prescribed by statute.

██ Finally, regarding the cost of videotape playback at trial, Sup.R. 12(D)(1)(c) mandates that the expense of playing the video recording at trial be borne by the court. Accordingly, we conclude that it is not a taxable expense which the court can award to the prevailing party.

On the basis of the foregoing, we find that the trial court erred in awarding these charges to Lunney and that the assignment of error is well taken.

*Judgment reversed.*

NUGENT, P.J., and PORTER, J., concur.