## MOTION DOCKET

**94–2503. State ex rel. R.E.H. Co. v. Trimble.**
Franklin App. No. 93APD09–1339. On request for oral argument. Request denied.

**95–42. State v. Wogenstahl.**
Hamilton App. No. C–930222. Upon consideration of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from a notice filed contemporaneously with the motion, that a petition for post-conviction relief has been filed by appellant with the Hamilton County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that execution of sentence be, and the same is hereby, stayed pending the exhaustion of all proceedings for post-conviction relief before courts of this state, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

**96–1030. Miller v. Bike Athletic Co.**
Belmont App. No. 94–B–52. On motion for admission *pro hac vice* of Randolph T. Struk and Phillip M. Davis. Motion granted.

**96–2024. State ex rel. Fleming v. Rocky River Bd. of Edn.**
Cuyahoga App. No. 66757. On request for oral argument. Request denied.

**96–2078. Scancarello v. Erie Ins. Co.**
Franklin App. No. 96APE02–166. *Sua sponte,* the parties are to brief the merits; this cause shall be set for oral argument.

PFEIFER, J., dissents.

**96–2442. Richwalsky v. ABF Freight Sys., Inc.**
Hamilton App. No. C–960064. On motion to consolidate case with Nos. 96–2364 and 96–2778, *Robinson v. B.O.C. Group, Gen. Motors Corp.,* Trumbull App. No. 96–T–5419. Motion denied.

**97–187. State ex rel. Strothers v. Wertheim.**
Cuyahoga App. No. 71185. On request for oral argument. Request denied.

**97–312. Williamson v. Ameritech Corp.**
Franklin App. No. 96APE07–860. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the following issue:

"[W]hether expenses related to the taking of a deposition are 'costs' within the meaning of Civ.R. 54(D)."

The conflict cases are *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772, and *Carr v. Lunney* (1995), 104 Ohio App.3d 139, 661 N.E.2d 246.

F.E. SWEENEY, J., dissents.

RESNICK, J., not participating.