KEATON, Appellant,

v.

PIKE COMMUNITY HOSPITAL et al., Appellees.

[Cite as *Keaton v. Pike Community Hosp.* (1997), 124 Ohio App.3d 153.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 97CA593.

Decided Nov. 24, 1997.

154

*Charles H. Wilson, Jr.,* for appellant.

*Ronald L. Mason,* for appellees.

KLINE, Judge.

Vicki Keaton appeals the Pike County Court of Common Pleas' judgment ordering her to pay court reporter fees incurred by the Pike Community Hospital for her deposition. Keaton asserts that the trial court erred by taxing the expenses of her deposition as court costs without statutory authority to do so. We disagree because R.C. 2319.27 provides the basis for taxing deposition expenses as costs. Keaton also asserts that the costs charged are unreasonable. We disagree. Accordingly, we affirm the judgment of the trial court.

## I

Keaton worked for Pike Community Hospital ("the hospital") until the hospital terminated her employment in 1995. She sued, alleging employment discrimination. After taking Keaton's deposition, the hospital moved for summary judgment and supported its motion with several excerpts from Keaton's deposition. The Pike County Court of Common Pleas granted the hospital's motion, and Keaton timely appealed. We affirmed the summary judgment ruling in *Keaton v. Pike Community Hosp.* (Jan. 27, 1997), Pike App. No. 96CA579, unreported, 1997 WL 33965.

The hospital moved the trial court to tax Keaton and reduce the costs to judgment, including a court reporter's bill. The bill delineated the following charges that the hospital incurred in deposing Keaton:

| | |
|---|---:|
| "Attendance of reporter | $ 266.64 |
| "Attendance of reporter after 6:00 p.m. | 88.88 |
| "Original transcript | 920.92 |
| "Signature | 38.89 |
| "Mileage | 39.20 |
| "Binding and Delivery | 3.33 |
| | |
| "TOTAL: | 1,357.86 |
| * "10% Discount if paid in 30 days | 1,222.08" |

The court scheduled a non-oral hearing date, prior to which the parties could file evidence and pleadings on the motion. Keaton filed a motion in opposition and requested an oral hearing. In her motion, Keaton asserted that the court reporter charged unreasonable fees. Keaton did not, however, offer any evidence to rebut the hospital's proof of the value of the court reporter's services. The court denied Keaton's request for a hearing and granted the hospital's motion.

Keaton now appeals, asserting the following assignment of error:

"Plaintiff states that there was error in the proceedings and judgment of the court below wherein the court found that the cost of the taking of plaintiff's deposition by defendant should be taxed to court costs."

## II

Keaton supports her contention with two arguments that the trial court erred by awarding the hospital her deposition costs. First, Keaton asserts that the trial court awarded the deposition expenses without statutory authority, and thereby the court abused its discretion. Second, Keaton contends that the court assessed unreasonably high costs.

## A

Civ.R. 54(D) permits a trial court to award a prevailing party the costs of litigating that party's claim. Civ.R. 54(D) provides:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

 This rule gives the trial court broad discretion to assess costs, and the court's ruling will not be reversed absent an abuse of that discretion. *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156; *Gnepper v. Beegle* (1992), 84 Ohio App.3d 259, 263, 616 N.E.2d 960, 962–963. Therefore, to successfully appeal the taxing of costs, an appellant must demonstrate that a trial court's determination that an expense is a "cost" within the meaning of Civ.R. 54(D) was arbitrary, unreasonable, or unconscionable. *Howard v. Wills* (1991), 77 Ohio App.3d 133, 137, 601 N.E.2d 515, 517–518.

 To be taxable as a cost under Civ.R. 54(D), an expense must be grounded in statute:

"Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. * * * They are allowed only by authority of statute." (Citations, asterisked omissions, and internal quotation marks omitted.) *Vance, supra,* at 555, 597 N.E.2d at 156.

Ohio courts disagree as to whether a statutory basis for taxing deposition costs exists. In applying *Vance* to deposition cost disputes, the Eighth Appellate District simply holds that "since there is no statutory authorization for taxing deposition costs, a court may not properly make such an award under Civ.R. 54(D)." *Carr v. Lunney* (1995), 104 Ohio App.3d 139, 142, 661 N.E.2d 246, 247; *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 624 N.E.2d 772.

In contrast, the First and Tenth Appellate Districts cite R.C. 2319.27 as the statutory basis for taxing court reporter and transcript fees from a deposition as costs under Civ.R. 54(D). *Haller v. Borror* (1995), 107 Ohio App.3d 432, 438–439, 669 N.E.2d 17, 20–22, citing *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 62 Ohio St.3d 1, 4, 577 N.E.2d 343, 345–346, and *Miller v. Gustus* (1993), 90 Ohio App.3d 622, 625, 630 N.E.2d 68, 70; *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 267, 620 N.E.2d 940, 946–947, citing *In re Election of November 6, 1990, supra.* R.C. 2319.27 provides in part:

"The person taking and certifying a deposition may retain the deposition until the fees and expenses that he charged are paid. He also shall tax the costs, if any, of a sheriff or other officer who serves any process in connection with the taking of a deposition and the fees of the witnesses, and, if directed by a person

entitled to those costs or fees, may retain the deposition until those costs or fees are paid."

In *In re Election of November 6, 1990,* the Supreme Court of Ohio analogized to the general principle that deposition expenses are costs pursuant to R.C. 2319.27. In its holding, the court concluded that deposition expenses are also costs under statutes governing election contest cases. *Id.,* 62 Ohio St.3d at 4, 577 N.E.2d at 345–346.

Courts adopting the position that deposition expenses are costs pursuant to R.C. 2319.27 nonetheless limit the right to recover deposition expenses under Civ.R. 54(D) by requiring some "use" of the deposition. Depositions used only for discovery or impeachment, but not admitted into evidence, generally are not taxable. *Barrett v. Singer* (1979), 60 Ohio St.2d 7, 8–9, 14 O.O.3d 122, 122–123, 396 N.E.2d 218, 218–220; *Miller v. Gustus* (1993), 90 Ohio App.3d 622, 624–625, 630 N.E.2d 68, 69–70. On summary judgment, depositions, affidavits, and all other items properly before the court constitute evidence. *Haller, supra,* at 439, 669 N.E.2d at 21–22, citing Civ.R. 56(C). Thus, a court may exercise its discretion to award deposition expenses to the party prevailing on summary judgment. *Id.* at 440, 669 N.E.2d at 22. See, also, *First Natl. Bank of Dillonvale v. Progressive Cas. Ins. Co.* (1993), 94 Ohio App.3d 368, 375–377, 640 N.E.2d 1147, 1151–1153; *Glavan v. Lincoln Elec. Co.* (1992), 78 Ohio App.3d 227, 604 N.E.2d 233.

◼ Keaton urges us to adopt the reasoning of *Carr* and *Wiltsie, supra,* to reach the conclusion that deposition expenses are not taxable as costs. However, as these cases failed to address R.C. 2319.27 and *In re Election of November 6, 1990, supra,* we find the reasoning in *Haller* and *Cincinnati ex rel. Simons, supra,* more persuasive. Additionally, in at least one case, the Eighth District departed from the *Carr* and *Wiltsie* decisions, stating, "R.C. 2319.27 does provide for the court reporter fees for taking the deposition, sheriff's service of process and witness fees, to be taxed as costs if the deposition is used at trial." *Springer v. Emerson Elec. Co.* (Sept. 14, 1995), Cuyahoga App. No. 67705, unreported, 1995 WL 546937. Hence, we adopt the position that a trial court may, in its discretion, tax deposition expenses as court costs.

◼ We now turn to the question of whether the hospital "used" the deposition as required by *Barrett* and *Haller, supra.* In this case, the hospital repeatedly cited Keaton's deposition in its memorandum in support of its motion for summary judgment. The hospital also cited and attached portions of Keaton's deposition throughout its brief defending the trial court's decision on appeal. We find, therefore, that the hospital used the deposition in order to prevail on Keaton's claim against it. Accordingly, we find that the trial court acted within

its discretion when it taxed the deposition expenses incurred by the hospital to Keaton.

## B

■ Next, Keaton argues that the trial court erred by assessing the deposition expenses without any evidence of their reasonableness. Keaton urges that she was denied an opportunity to present such evidence because the court did not hold an oral hearing. Keaton acknowledges that the court provided a time frame during which she could file evidence with the court, yet she submitted no evidence. The hospital, in contrast, submitted evidence of the debt it incurred in taking Keaton's deposition via the court reporter's itemized bill. We note that, pursuant to R.C. 2319.27, a court reporter may not charge fees that exceed the usual and customary fees and expenses charged in the community for similar services, unless the parties agree to such higher fees prior to the deposition.

Based on the competent, credible evidence before it, the trial court properly determined that the amount of deposition expenses that the hospital sought to recover from Keaton was reasonable.

## III

In conclusion, we find that trial courts may tax the costs of depositions used at trial to a nonprevailing party. Additionally, we find that the trial court did not abuse its discretion by taxing the costs of Keaton's deposition against Keaton in this case. Finally, we find that the costs assessed against Keaton were reasonable. Accordingly, we overrule Keaton's assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in part and dissents in part.

HARSHA, Judge, concurring in part and dissenting in part.

I concur in judgment and opinion with the exception that I would sustain appellant's argument concerning the reasonableness of the amount of costs. Appellees bear the burden of proving that the fees charged by the reporter are reasonable. There is simply no evidence in the record, by way of affidavit or otherwise, that would allow us to conclude that the trial court's judgment in this regard is supported by some competent, credible evidence. While the trial court may have knowledge of what is reasonable within its jurisdiction and attempted

to take "judicial notice" of that fact, I believe such a reasonableness analysis precludes effective appellate review. In short, appellees failed to introduce evidence into the record on the issue of reasonableness and should not prevail on appeal.