This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant/cross-appellee, the Akron Aerie No. 555 Fraternal Order of Eagles ("Akron Eagles"), appeals the decision of the Summit County Court of Common Pleas granting judgment to appellees/cross-appellants, Elaine Reitz and Vicki Pillitiere ("Applicants"), on their claim of retaliation. The Applicants cross-appeal the decision of the trial court granting a directed verdict to the Akron Eagles and the Grand Aerie Fraternal Order of Eagles ("Grand Eagles") on the Applicants' claim of gender discrimination. We affirm.
 I.
The Eagles organization is composed of a national (Grand Eagles), state ("State Eagles") and local (Akron Eagles) level. In the local chapters, the male members belong to the Eagles and the female members belong to the Ladies Auxiliary. The Applicants were both members of the Ladies Auxiliary of the Akron Eagles.
In 1996, the Applicants submitted applications to the Akron Eagles. The Applicants' decision to seek membership in the exclusively male side of the organization was based on a change in the Eagles' national membership policy. The Grand Eagles passed Opinion 750, which stated "[t]he Grand [Eagles] will impose no restrictions upon membership in the local [Eagles], on the basis of gender."
Over 65 members of the Akron Eagles attended the meeting to vote on the applications of new members. At that meeting, seven male applicants were voted into the Akron Eagles. The female applicants failed to receive a majority of the votes and were denied membership in the Akron Eagles. The Applicants filed a complaint with the Ohio Civil Rights Commission ("OCRC") alleging gender discrimination. The OCRC determined that it was probable that the Akron Eagles engaged in unlawful discriminatory practices.
On July 8, 1998, the Applicants filed a complaint in the Summit County Court of Common Pleas against the Akron Eagles, State Eagles,[1] Grand Eagles and Larry Sullivan ("Sullivan").[2] The Applicants alleged that the Akron Eagles, Grand Eagles and Sullivan violated R.C. 4112.02(G) and that the Akron Eagles violated R.C. 4112.02(I).[3]
On February 22, 2000, the case proceeded to a jury trial. At the close of the Applicants' case, the trial court granted a directed verdict against the Applicants and for the Grand Eagles and Sullivan. The trial court awarded judgment to the Applicants against the Akron Eagles in the amount of $16,000 for Reitz and $6,000 for Pillitiere. Post trial, the trial court denied both parties' motions for judgment notwithstanding the verdict.
This appeal followed.
 II.
Akron Eagles Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN SUBMITTING AN INSTRUCTION AND INTERROGATORIES PERMITTING THE JURY TO MAKE AN AWARD AGAINST DEFENDANT AKRON AERIE NO. 555 FRATERNAL ORDER OF EAGLES, INC. ON PLAINTIFFS' CLAIM OF RETALIATION ONCE THE JURY HAD ALREADY DETERMINED THAT THE AKRON EAGLES WAS NOT A PLACE OF PUBLIC ACCOMMODATION UNDER OHIO CIVIL RIGHTS LAWS.
Akron Eagles Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR DIRECTED VERDICT MADE AT THE CONCLUSION OF PLAINTIFFS' CASE IN CHIEF.
Akron Eagles Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ITS RULING ON POST-TRIAL MOTIONS ON MARCH 21, 2000[,] DENYING DEFENDANTS' MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ON PLAINTIFFS' RETALIATION CLAIM.
Akron Eagles' first, second and third assignments of error are related and will be discussed together. On appeal, the Akron Eagles argue that a retaliation claim under R.C. 4112.02(I) cannot succeed without a finding that the Akron Eagles is a place of public accommodation. The trial court directed a verdict on the Applicants' claim of a violation of their civil rights. Therefore, the Akron Eagles claim that they were entitled to a directed verdict and to a judgment notwithstanding the verdict because a retaliation claim fails without a finding that the Akron Eagles was a place of public accommodation. We disagree.
The standard for resolving a motion for a directed verdict made pursuant to Civ.R. 50(A), and a motion for judgment notwithstanding the verdict made pursuant to Civ.R. 50(B), is the same, except that a directed verdict motion made at the close of plaintiff's evidence is evaluated on plaintiff's evidence alone. Chemical Bank of New York v.Neman (1990), 52 Ohio St.3d 204, 207. The evidence must be construed most strongly in favor of the nonmoving party, and where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Posin v. A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271,275. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either a motion for a directed verdict or for judgment notwithstanding the verdict. Id. Our review of the trial court's ruling on a motion for directed verdict and judgment notwithstanding the verdict is de novo. Schafer v. RMSRealty (2000), 138 Ohio App.3d 244, 257.
It is an unlawful discriminatory practice:
 [f]or any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under sections 4112.01 to 4112.07 of the Revised Code.
R.C. 4112.02(I).
In order to establish a prima facie case of retaliation under R.C.4112.02(I), a complainant must allege the following set of facts: (1) the complainant engaged in a protected activity [in the present case, registering a complaint with the OCRC]; 2) the respondent knew of her participation in the protected activity; and (3) the alleged retaliatory action followed complainant's opposition to an unlawful practice or participation in the protected activity sufficiently close in time to warrant the inference of retaliatory motivation. See Chandler v. EmpireChem., Inc., Midwest Rubber Custom Mixing Div. (1994), 99 Ohio App.3d 396,402. Once the complainant presents evidence of a prima facie case of discrimination, the burden shifts to the respondent to articulate some legitimate nondiscriminatory reason for its action. Id.
The record before this Court includes the trial court's original docket and journal entries, a partial transcript of the trial[4] and a transcript of the hearing on the motion for attorney fees. App.R. 9(B) assigns to the appellant the responsibility to transmit the entire record on appeal. Our review of the proceedings below is limited to the record certified to us. See State v. Ishmail (1978), 54 Ohio St.2d 402,405-406; App.R. 12(A); Loc.R. 5(A).
We find that the Akron Eagles' second and third assignments of error are dependent upon evidence that is not included in the record on review. Without a transcript of the complete proceedings, the Akron Eagles are unable to demonstrate that: 1) the Applicants failed to present substantial evidence to support their retaliation claim and 2) reasonable minds would be unable to reach different conclusions regarding this claim.
Our disposition of the Akron Eagles' second and third assignments of error renders their first assignment of error moot. Accordingly, the Akron Eagles' first, second and third assignments of error are overruled.
 III.
Akron Eagles Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN ITS FINAL JUDGMENT ENTRY DATED MARCH 2, 2000[,] AWARDING COMPENSATORY AND PUNITIVE DAMAGES AGAINST THE AKRON EAGLES.
In their fourth assignment of error, the Akron Eagles challenge the Applicants' compensatory and punitive damages award. The Akron Eagles assert that the Applicants failed to present any evidence of retaliation or evidence that the Akron Eagles acted with malice, aggravated or egregious fraud, oppression or insult. We disagree.
The Akron Eagles have failed to provide this court the portions of the transcript necessary for review of their assignment of error. Because the partial transcript does not contain all of the evidence relevant to the damages issue, this court cannot conclude that the trial court's judgment was not supported by any evidence.
Akron Eagles' fourth assignment of error is overruled.
 IV.
Akron Eagles Assignment of Error No. 5:
 THE TRIAL COURT ERRED IN ITS ORDER OF FEBRUARY 28, 2001[,] GRANTING PLAINTIFFS' MOTION TO TAX AS COSTS A VIDEO DEPOSITION PRESENTED AT TRIAL IN THE AMOUNT OF $350.00.
In its fifth assignment of error, the Akron Eagles argue that the Applicants were not a prevailing party entitled to the costs of the videotaped deposition. Furthermore, the Akron Eagles assert that the cost of a videotaped deposition is not a recoverable cost. We disagree.
A trial court is authorized to award costs under Civ.R. 54(D), which provides that unless provided by a statute or by the civil rules, costs are to be awarded to the prevailing party unless the court decides otherwise. The assessment of costs is a matter within the discretion of the trial court and, absent an abuse of discretion, the trial court's decision must be upheld. Keaton v. Pike Community Hosp. (1997),124 Ohio App.3d 153, 155-156, citing Vance v. Roedersheimer (1992),64 Ohio St.3d 552, 555. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
Sup.R. 13(D)(2) provides the following concerning the costs of videotape depositions:
 [t]he reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54.
After a review of the record, we cannot say that the trial court abused its discretion in awarding $350 as costs of the videotaped deposition. The Akron Eagles' fifth assignment of error is overruled.
 V.
Applicants' Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED ERROR TO THE DETRIMENT OF APPELLEES BY OVERRULING THEIR MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, A NEW TRIAL REGARDING THE PUBLIC ACCOMMODATION ISSUE.
In their first assignment of error, the Applicants argue that they were entitled to a judgment notwithstanding the verdict or in the alternative a new trial regarding their civil rights violation claim. We disagree.
Civ.R. 59(A)(6) allows the trial court to grant a party's motion for a new trial where the judgment is not sustained by the weight of the evidence. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also State v. Otten (1986),33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. In a previous assignment of error, this court stated the standard for reviewing a judgment not withstanding the verdict.
This court is bound by the record on appeal, which includes a partial transcript of proceedings. See Ishmail, 54 Ohio St.2d at 405-406; App.R. 12(A); Loc.R. 5(A). We find that the Applicants failed to provide this court with a record that demonstrates they were entitled to a judgment notwithstanding the verdict or a new trial. Without a complete transcript, the Applicants are unable to demonstrate: 1) the Akron Eagles failed to present substantial evidence to support their claim that the Akron Eagles is not a place of public accommodation and 2) reasonable minds would be unable to reach different conclusions regarding this claim. Furthermore, a review of the manifest weight of evidence requires a complete record.
The Applicants' first assignment of error is overruled.
 VI.
Applicants' Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT GRANTING APPELLEES' REQUEST FOR A MODIFIED JURY INSTRUCTION REGARDING THE DEFINITION OF PUBLIC ACCOMMODATION.
In their second assignment of error, the Applicants challenge the trial court's jury instructions. Specifically, the Applicants argue that the trial court erred by failing to use a modified instruction regarding the definition of public accommodation. We disagree.
Pursuant to Rule 51(A) of the Ohio Rules of Civil Procedure, a party wishing to assign error to jury instructions must object to those instructions before the jury begins deliberations. The Ohio Supreme Court has held:
 [w]hen a party fails to object to the giving of or failure to give a jury instruction before the jury retires to consider a verdict, the party may not assign as error the giving of or failure to give such instruction.
Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus.
A careful review of the record reveals that the Applicants' attorney failed to object to the jury instruction before the jury retired for deliberations. Applicants' objection to the jury instruction regarding the definition of public accommodation was raised after the jury had retired. Applicants' failure to object operates as a waiver for purposes of appellate review. Id. Applicants' second assignment of error is overruled.
 VII.
Applicants' Assignment of Error No. 3:
 SINCE APPELLEES HAD PROPERLY BIFURCATED THE QUESTION OF ATTORNEY'S FEES, IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO OVERRULE THE POST-TRIAL APPLICATION FOR ATTORNEY'S FEES.
In their third assignment of error, the Applicants argue that the trial court erred by denying their motion for attorney fees. We disagree.
In Digital Analog Design Corp. v. North Supply Co. (1992),63 Ohio St.3d 657, paragraph three of the syllabus states:
 [i]n view of the public policy of this state that favors jury determination of issues of liability * * * a trial court must submit to a jury the issue of whether attorney fees should be awarded in a tort action. The amount of those fees, however, shall be determined by the trial judge, who may, in his or her discretion, submit the question of the amount of the fees to the jury.
In the present case, the trial court granted Applicants' pretrial motion to bifurcate the claim for attorney fees. The trial court ordered that "[t]he jury shall by interrogatory determine if attorney fees are to be awarded in the event of a verdict for [Applicants]. If fees are awarded as damages, the Court shall then conduct a hearing to establish the amount." The record reflects that the issue of awarding attorney fees was not submitted to the jury. The Applicants failed to submit an interrogatory on the issue and failed to request the trial court submit the issue to the jury.
Accordingly, the Applicants waived this court's review of the issue of attorney fees because they failed to submit it to the jury. Applicants' third assignment of error is overruled.
 VIII.
Applicants' Assignment of Error No. 4:
 THE LEVEL OF CONTROL EXERTED BY THE GRAND AERIE FOE WAS SUFFICIENT TO SUBJECT IT TO OHIO PUBLIC ACCOMMODATION LAW. THEREFORE, IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO GRANT A DIRECTED VERDICT.
In their fourth assignment of error, the Applicants argue that the trial court erred by granting the Grand Eagles motion for a directed verdict on the Applicants' civil rights violation claim.
This court notes that the Applicants have failed to set forth a single, legal authority to support their contentions that the trial court erred. In doing so, Applicants have failed to provide citations to authorities to support their assignment of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Applicants had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), Medina App. No. 2729-M, unreported, at 2; Frecska v.Frecska (Oct. 1, 1997), Wayne App. No. 96CA0086, unreported, at 4. Furthermore, it is not the duty of this court to search the record for evidence to support Applicants' argument of an alleged error. See Statev. Watson (1998), 126 Ohio App.3d 316, 321; Frecska, Wayne App. No. 96CA0086, unreported, at 3.
Pursuant to App.R. 12(A)(2), this court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * * as required under App.R. 16(A)." Accordingly, since Applicants have failed to set forth any legal error by the trial court in this assignment of error, this court has no choice but to disregard it.
The Applicants' fourth assignment of error is overruled.
 IX.
Having overruled the Akron Eagles' five assignments of error and Applicants' four assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants/Cross-Appellees.
SLABY, P.J. and WHITMORE, J. concur.
[1] Before trial, a settlement was reached between the Applicants and the State Eagles.
[2] The record reflects that Sullivan was the President of the Akron Eagles throughout the Applicants' application process.
[3] The Applicants voluntarily dismissed their slander and intentional/negligent infliction of emotional distress claims.
[4] The record reflects that the Akron Eagles requested a partial transcript of the trial excluding the voir dire, jury selection and all direct and cross examination conducted by Applicants' attorney. The Applicants supplemented the transcript with: 1) direct examination and redirect examination of Reitz, Pillitiere, Heather Krahl, Floyd Harbarger and Mike Walker; 2) testimony of George Miller and George Myers (as upon cross examination only); 3) cross examination of Greg Rector; 4) the modified jury instruction request of February 29, 2000; and 5) the November 20, 2000 evidentiary hearing on the application for attorney fees. The transcript of proceedings does not contain the Applicants' cross examination or recross examination of Larry Sullivan and George Miller or the Applicants' cross examination of Lee Barnes and Melanie Blumberg.