OPINION
We are required by this appeal to determine whether amended complaints filed pursuant to Civ.R. 15(A) are "causes of action" for which clerks of courts are authorized by R.C. 2303.20 and R.C. 2303.201 to charge the particular costs for which those sections provide. We conclude that amended complaints do not constitute causes of action for that purpose. Accordingly, we will reverse the judgment which the court of common pleas rendered on a contrary holding., Plaintiff, Stephanie Jefferson, commenced an action against a number of parties, including Defendant, GuideOne Specialty Mutual Insurance Company ("GuideOne"), for personal injuries resulting from an auto accident. Jefferson subsequently amended her complaint on four separate occasions. On February 10, 2000, the parties filed an "arbitration report and award" with the trial court, which outlined a settlement reached by the parties. The trial court accepted the settlement agreement and ordered GuideOne to pay court costs, per the agreement.
On May 30, 2000, counsel for GuideOne obtained a bill of costs from the office of the Clerk of the Montgomery County Court of Common Pleas. The Clerk's office had taxed as costs $81.80 for the complaint and $81.80 for each of the four successive amended complaints. GuideOne filed a motion asking the trial court to review the clerk's assessment of costs.
The trial court found that Jefferson's fourth amended complaint was filed merely to correct a clerical error, and that therefore the amount the clerk had taxed for that amendment was not warranted. However, the court approved the taxing of costs for the original complaint and the first three amended complaints in the amount of $81.80 each, finding that the first three amendments each comprised a new "cause of action" pursuant to the costs statutes.
GuideOne filed a timely notice of appeal. It presents one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO GUIDEONE'S PREJUDICE BY FAILING TO RETAX COURT COSTS ASSESSED BY THE CLERK WITH RESPECT TO THE FIRST AMENDED COMPLAINT, SECOND AMENDED COMPLAINT, AND THIRD AMENDED COMPLAINT AND SUBTRACT $245.40 FROM COSTS ORIGINALLY TAXED BY THE CLERK.
We begin by noting that "[t]he subject of costs is one entirely of statutory allowance and control." Centennial Ins. Co. v. Liberty Mut.Ins. Co. (1982), 69 Ohio St.2d 50, 51 (quoting State ex rel. Michaelsv. Morse (1956), 165 Ohio St. 599, 607). Therefore, imposition of any charge as a court cost must be founded on a statute that permits or requires costs of the classification involved to be imposed.
The Clerk of the Court of Common Pleas submitted a breakdown of the $81.80 charged for the original complaint and each amended complaint as follows:
$25.00 2303.20(A): Clerk Fee
$ 3.00 2303.201(A)(1): Legal Research
$10.00 2303.201(B)(1): Automation Fee
$ 4.00 2303.201(C): Legal Aid[1]
 $ 4.80 Local Order of Court [2303.201(E)(1)]: Daily Court Reporter Fee
 $35.00 Local Order of Court [2303.201(E)(1)]: ADR Fee ______ $81.80 Total
The trial court found that the complaint and the first three amendments to the complaint each comprised a new "cause of action," citing R.C.2303.20 and R.C. 2303.201. On that basis, the court approved the clerk's bill for $81.80 for each amended complaint.
R.C. 2303.20 permits clerks to tax up to "Twenty-five dollars for each cause of action" as costs for the clerk's services. R.C. 2303.201
permits the clerk to tax certain other enumerated fees. For example, R.C.2303.201(A)(1) permits a common pleas court to direct the clerk to charge an additional fee "on the filing of each cause of action or appeal" for computerization of the court and/or legal research services. Similarly, R.C. 2303.201 (B)(1) allows costs to be taxed for computerization of the clerk's office "on the filing of each cause of action or appeal."
On the other hand, R.C. 2303.201(C) requires the clerk to collect, "in each new civil action or proceeding," an additional filing fee forfunding of legal aid societies. R.C. 2303.201(D) requires the clerk tocollect an additional fee for the funding of shelters for victims ofdomestic violence "in each new action or proceeding for annulment,divorce, or dissolution of marriage." R.C. 2303.201(E)(1) permits thecourt to direct the clerk to charge a fee, in addition to other courtcosts, "on the filing of each criminal cause, civil action orproceeding, or judgment by confession," for special projects of thecourt. R.C. 2303.201(E)(2)(b) defines a civil action or proceeding as"any civil litigation that must be determined by judgment entry."
 It is undisputed that the foregoing sections all authorize impositionof the costs involved upon the filing of a complaint. The issue presentedis whether that authorization applies as well to amended complaints filedpursuant to Civ.R. 15(A).
 The foregoing sections all classify certain costs as charges, but theyare predicated on different concepts. Further, those two concepts,"cause of action" on the one hand and "civil action or proceeding" on theother, have different meanings. The trial court reconciled thedifference by treating all the provisions the same, as "causes ofaction." This then led the court to treat amended complaints filedpursuant to Civ.R. 15(A) as new causes of action for which the same costsmay be also charged. We believe that the court erred in so doing.
 In former practice, the term "cause of action" was used to identifyboth the civil proceeding itself and the rights and remedies on which theproceeding is brought. The term was abandoned upon the adoption of theRules of Civil Procedure, which instead employ the terms "civil action"and "claim for relief." Per Civ.R. 3(A), a civil action is commenced uponthe filing of a complaint. The rights and remedies on which the civilaction is commenced are now encompassed in the term claim for relief, asthat term appears in Civ.R. 8(A).
 There is a symmetry between the term "civil action," as it is used inthe Rules of Civil Procedure, and R.C. 2303.201(E)(2)(b), which defines acivil action or proceeding to be "any civil litigation to be determinedby a judgment entry." Neither employs the term "cause of action."Further, neither suggests that amendment of a complaint per Civ.R. 15(A)either commences a civil action or proceeding or pleads a new cause ofaction for which additional costs may be imposed. At most, the amendmentmodifies the claims for relief pleaded in the civil action that theoriginal complaint commenced, or adds or deletes parties to that sameaction.
 We conclude that the term "cause of action," as it appears in R.C.2303.20 and R.C. 2303.201, refers to a civil action that's commenced uponthe filing of a complaint, per Civ.R. 3(A). Neither that term nor theterm civil action or proceeding as it appears otherwise in R.C. 2303.201includes amendments of the complaint which Civ.R. 15(A) permits, whetheras of right or by leave of court. Therefore, the Clerk is authorized totax the costs which R.C. 2303.20 and R.C. 2303.201 require upon thefiling of a complaint, but not upon the filing of an amended complaint.The trial court erred when it held to the contrary.
 If the General Assembly deems it necessary to tax costs upon the filingof an amended complaint, it may amend the relevant sections of theRevised Code to state as much, specifically. Until then, and upon thestatutes it has enacted, we cannot find that the legislature intendedthat a party be taxed again for costs upon the filing of each amendedcomplaint. That result would be all the more unjust where, as here, adefendant, who presumably was not involved in the drafting of thecomplaint, is ordered to pay costs for an amended complaint. Thealternative of having the clerk determine whether an amended complaintactually pleads a new cause of action, or instead corrects a clericalerror, is impractical for clerks to perform.
 The assignment of error is sustained.
 Conclusion The judgment of the trial court is reversed, and the cause remanded forrecalculation and taxation of court costs consistent with this opinion.
WOLFF, P.J., and BROGAN, J., concur.
[1] However, although the Clerk's office charged $4.00 per complaintfor financial assistance to legal aid societies R.C. 2303.201(C) statesthat "[f]rom January 1, 1993, through December 31, 2002, the court ofcommon pleas shall collect the sum of fifteen dollars" in each new civilaction for the purposes of funding legal aid societies.