THE STATE EX REL. WOOD, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Wood v. Indus. Comm.* (1997), 78 Ohio St.3d 414.]

(No. 95–531—Submitted April 16, 1997—Decided May 14, 1997.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Steven P. Fixler,* Assistant Attorney General, for appellee.

*Per Curiam.* We are asked to determine whether the commission's order is supported by both "some evidence" and an explanation that satisfies *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Upon review, we answer both questions affirmatively.

The commission's determination that claimant is physically capable of sedentary work is supported by Drs. Bacevich, Schneider, Sheridan, and Eckart. Claimant argues that because Drs. Sheridan, Schneider and Eckart placed restrictions on claimant's ability to work, the commission abused its discretion in finding him capable of a "full range of sedentary employment." We disagree. The commission never made such a finding, nor is such a finding necessary to sustain a denial of permanent total disability compensation. The commission simply found that there were some sedentary jobs that claimant could do—a conclusion supported by each of the four examiners on whom it relied. While Dr. Schneider was more skeptical of claimant's employability, Dr. Sheridan, after listing essentially the same restrictions as Dr. Schneider, indicated that claimant could do sedentary work. Dr. Eckart also offered similar restrictions on claimant's ability to work, yet concluded that these restrictions generated only a ten-percent impairment. Accordingly, there is "some evidence" supporting the commission's conclusion that claimant could do sedentary work.

We also find that the commission's order fulfills the requirements of *Noll.* The commission found that claimant, while not currently possessing transferrable skills, had the capacity, based on his age and education, to acquire new skills. This is not an abuse of discretion. Claimant was only forty-six when permanent total disability compensation was denied. Claimant has—and has had—plenty of time to learn new skills. There is no evidence that in the eleven years since claimant last worked, he has made any effort to enhance his employability, despite the fact that he was only thirty-nine when he exited the work force. Moreover, claimant is only fifty now, giving him ample opportunity to gain new skills. He is also a high school graduate. Absent evidence that claimant's intellectual abilities belie his high school diploma, the commission did not abuse its discretion in concluding that claimant's education demonstrated a capacity for learning new skills that ameliorated his prior unskilled work history.

The commission's order does not, therefore, constitute an abuse of discretion. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.