[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 414.]

THE STATE EX REL. WOOD, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Wood v. Indus. Comm*., 1997-Ohio-201.]

*Workers' compensation—Industrial Commission's order denying application for permanent total disability compensation supported by "some evidence" and fulfills requirements of Noll, when.*

(No. 95-531—Submitted April 16, 1997—Decided May 14, 1997.)

Appeal from the Court of Appeals for Franklin County, No. 94APD02-165.

———————————

{¶ 1} Appellant-claimant, Gerald E. Wood, was injured on January 5, 1982 in the course of and arising from his employment with appellee Southwest Ohio Regional Transit Authority ("SORTA"). Appellee, Industrial Commission of Ohio, allowed his claim for "pinched nerve lower back." He underwent surgery for his back and eventually returned to work in 1983.

{¶ 2} On May 14, 1984, claimant reinjured his lower back. A new claim was allowed for "lumbar sprain." Claimant continued to work for SORTA for the next two years until prevented from doing so by his injuries. He has not worked since July 25, 1986.

{¶ 3} In 1987, claimant was examined by commission specialist Dr. Richard T. Sheridan, who wrote:

"I do not feel that this patient can return to his former job as a bus driver. I think this claimant is substantially unable to perform his former jobs [*sic*] and that he is permanently unable to return to his job as a bus driver. I do not feel that he has reached maximum recovery because he may get better after he has surgery. I think that this patient has a 30% permanent partial impairment to his body as a whole as a result of the disability allowed relative to the injury of 5/14/84. I think

that I would limit him in the following fashion: no bending, no kneeling, no squatting, or crouching, no lifting of anything over 25 lbs., no sitting for more than a half-hour at a time or standing for more than a half hour at a time, no climbing ladders.

"I do not think the patient is presently permanently and totally impaired. I think that I would have to await the outcome of the surgery (if he has surgery). I will reiterate that I feel that his injury of 5/14/84 was a new injury in that it caused a herniated disc at L4, 5 on the left. * * *

"I believe he has a 30% permanent partial impairment to his body as a whole for the disabilities allowed. I do not know whether he will become totally and permanently impaired but I do not think he is as of this examination date."

{¶ 4} One year later, claimant was evaluated by commission specialist Dr. Bernard Bacevich, who reported:

"At the present time, this man's industrial injury does prevent him from returning to his former work as a bus driver. I feel this is a permanent limitation. I do not feel this industrial injury prohibits him from engaging in other types of sustained remunerative employment. At this point in time, I cannot detect any definite neurological deficit or sciatic nerve signs even though he does have radicular pains into the leg. * * * As far as assigning a percentage of permanent impairment, he apparently has been classified as having two claims. He was never asymptomatic from his first claim which resulted in a herniated disc. This claim is allowed for a lumbar strain, which is more consistent with his clinical picture at this time, [and] as a result of his lumbar strain, I feel he has a 15% impairment of the body as a whole, but this would have to be added to the amount of permanent impairment he has from his other industrial injury which resulted in the herniated disc syndrome."

**{¶ 5}** In 1988, claimant applied for permanent total disability compensation in his second claim. He supported his application with a letter report from orthopedic surgeon Dr. Edward M. Feldman, who commented:

"Mr. Wood's back and leg symptoms continue to persist and due to his unrelenting back and leg pain, the patient is unable to sit, stand, or walk for extended periods. He must limit each of these activity [*sic*] to less than one to two hours at one period. The patient finds himself frequently changing positions. Bending and lifting also severely aggravate his back. The patient must limit his lifting to less than 20 pounds. His condition has deteriorated to a point where he is unable to continue working. He has not worked since July of 1986. That the patient's injuries in this claim effectively prevent him from performing the unskilled manual labor which he had perviously [*sic*] done. In view of his limited education, vocational background and limited capacity for manual labor, I feel that Mr. Wood is permanently totally disabled from gainful employment."

**{¶ 6}** In 1990, claimant's second claim was additionally allowed for "herniated lumbar disc at the L-4-5 level on the left side." This generated examinations by commission specialist Drs. A. Schneider and James R. Eckart. Dr. Schneider concluded:

"It is my opinion that he [claimant] is unable to return to his former position of employment.

"His functional limitations capacity based on his history and physical findings are quite severe. This would include sedentary employment of a very limited nature, such that he could well be rendered unemployable.

"In my opinion, as he presents in front of me today, I feel that he has a 35 percent permanent partial impairment to his body as a whole on the basis of his continuing symptoms. I would also like to mention at this time that I feel his symptoms are potentially improvable. * * *

"As mentioned previously, it is my opinion that he is capable of extremely restricted sedentary type[s] of employment which would allow him a considerable degree of latitude regarding sitting and standing activities. He would be unable to sit or stand for more than one hour at a time without [changing] positions. He has no reasonable capacity for repetitive lifting, bending, stooping activities."

**{¶ 7}** Dr. Eckart reported:

"The patient is unable to return to his previous employment. Present functional limitations exist in that the patient is unable to do repeated bending or lifting more than thirty pounds. He should avoid repeated bending and not do any twisting or turning. The patient may squat to lift objects easily but should avoid repeated bending. Occasional bending without lifting weights is allowed but no twisting or turning. The patient may sit, stand and walk. Alternate periods of activity should be allowed and no prolonged activity in any one position should be undertaken. He is with a ten percent permanent physical impairment to his body as a whole according to the AMA guidelines * * *."

**{¶ 8}** The commission denied permanent total disability compensation, finding:

"The order is based particularly upon the reports of Doctor(s) Bacevich, Eckart, Schneider, and Sheridan, evidence in the file and/or evidence adduced at the hearing.

"Claimant is 45 [*sic,* 46] years old and has a 12th grade education. Claimant has a work history as an assembly line worker and bus driver for 13 years. Claimant last worked in 1986. Specialist[s] Drs. Bacevich, Eckart, Schneider and Sheridan all indicate claimant is capable of at least sedentary employment. Considering claimant's young age and high school education, the Commission determines claimant is reasonably qualified to successfully undergo sedentary skills training and subsequently be reemploy[ed]. This determination is made notwithstanding claimant's limited work experience which does not afford him transferrable work

skills. Finding claimant [to] possess the vocational aptitude to be trained for sustained remunerative employment consistent with his physical limitations, the Commission denies his application for Permanent Total Disability."

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The court of appeals denied the writ.

{¶ 10} This cause is now before this court upon an appeal as of right.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Steven P. Fixler*, Assistant Attorney General, for appellee.

_____

*Per Curiam*.

{¶ 11} We are asked to determine whether the commission's order is supported by both "some evidence" and an explanation that satisfies *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. Upon review, we answer both questions affirmatively.

{¶ 12} The commission's determination that claimant is physically capable of sedentary work is supported by Drs. Bacevich, Schneider, Sheridan, and Eckart. Claimant argues that because Drs. Sheridan, Schneider and Eckart placed restrictions on claimant's ability to work, the commission abused its discretion in finding him capable of a "full range of sedentary employment." We disagree. The commission never made such a finding nor is such a finding necessary to sustain a denial of permanent total disability compensation. The commission simply found that there were some sedentary jobs that claimant could do—a conclusion supported by each of the four examiners on whom it relied. While Dr. Schneider was more skeptical of claimant's employability, Dr. Sheridan, after listing essentially the same restrictions as Dr. Schneider, indicated that claimant could do sedentary work.

Dr. Eckart also offered similar restrictions on claimant's ability to work, yet concluded that these restrictions generated only a ten-percent impairment. Accordingly, there is "some evidence" supporting the commission's conclusion that claimant could do sedentary work.

{¶ 13} We also find that the commission's order fulfills the requirements of *Noll*. The commission found that claimant, while not currently possessing transferrable skills, had the capacity, based on his age and education, to acquire new skills. This is not an abuse of discretion. Claimant was only forty-six when permanent total disability compensation was denied. Claimant has—and has had— plenty of time to learn new skills. There is no evidence that in the eleven years since claimant last worked, he has made any effort to enhance his employability, despite the fact that he was only thirty-nine when he exited the work force. Moreover, claimant is only fifty now, giving him ample opportunity to gain new skills. He is also a high school graduate. Absent evidence that claimant's intellectual abilities belie his high school diploma, the commission did not abuse its discretion in concluding that claimant's education demonstrated a capacity for learning new skills that ameliorated his prior unskilled work history.

{¶ 14} The commission's order does not, therefore, constitute an abuse of discretion. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

_____