THE STATE EX REL. TOTH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Toth v. Indus. Comm.* (1997), 80 Ohio St.3d 360.]

(No. 95–653—Submitted September 9, 1997—Decided December 3, 1997.)

362

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy; Hahn, Swadey & Pollack and Victor Hahn, for appellant.

Betty D. Montgomery, Attorney General, and David J. Kovach, Assistant Attorney General, for appellee.

---

**Per Curiam.** Claimant challenges the commission's denial of permanent total disability compensation and the appellate decision that affirmed it. We affirm.

Most of claimant's propositions can be disposed of summarily.

I

As to proposition of law two, part-time work constitutes sustained remunerative employment. See *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265; *State ex rel. Pepsi–Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 648 N.E.2d 827.

## II

As to proposition of law three, the commission's 1991 interlocutory award of permanent total disability compensation for a closed period did not compel the commission to extend this compensation. *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929.

## III

As to proposition of law four, the commission affirmatively considered, per the order's terms, the William Fink vocational report. The commission also expressly considered claimant's allowed psychological condition.

## IV

As to proposition of law five, claimant, if she prevails, is not entitled to payment of photocopy expenses as costs. Civ.R. 54(D) provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." "Costs" include the " 'statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * *.' " *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926. It does not include "fees and disbursements" that are not statutorily authorized. *Id.* at 51, 23 O.O.3d at 89, 430 N.E.2d at 926.

Claimant cites no statutory authority for the allowance of the copying expenses. Moreover, we agree with *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 620 N.E.2d 940, which specifically held that photocopying expenses are not "costs." As such, claimant has no right to the award of these expenses.

## V

Having dispensed with these preliminary matters, our analysis turns to the traditional permanent total disability review. The starting point is, as always, a review for "some evidence" supporting the commission's conclusion that claimant was medically capable of sustained remunerative employment. Here, the commission cited the absence of psychiatric restrictions and the relatively few physical restrictions noted by Dr. McCloud as justification for its conclusion that claimant was medically able to work. This constitutes support for the commission's medical conclusion.

We further find that the commission did not abuse its discretion in finding that claimant had some vocational skills, and that those skills offset the obstacles posed by claimant's age. She has been an accomplished seamstress since childhood, and the commission found that, at a minimum, claimant's sewing skills

imparted significant fine-motor skills—a conclusion that claimant does not dispute. Some of the jobs that claimant's motor skills suggest—for example, assembly work—are not inconsistent with her physical restrictions as reported by the commission. It was not, therefore, an abuse of discretion for the commission to find that claimant's nonmedical profile permitted her to secure alternate employment.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.