DECISION
{¶ 1} Relator, Clevite Elastomers, has filed this original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order awarding permanent total disability ("PTD") compensation to respondent Bertha Torok ("claimant") and to issue an order that complies with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203 and State ex rel. Toth v. Indus. Comm. (1997), 80 Ohio St.3d 360.
{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded that the commission's order was fatally ambiguous for the following reasons: (1) the commission indicated that PTD compensation was awarded because claimant was not capable of performing full-time employment; and (2) the commission indicated, at one point, that claimant is capable of being trained but that training would be too expensive while, at another point, indicating that claimant does not have the vocational capacity to be trained. Due to these ambiguities, the magistrate recommended that this court issue a limited writ of mandamus, returning this matter to the commission to vacate its award of PTD compensation and ordering the commission to issue a new order that either grants or denies the requested compensation in compliance with the law.
{¶ 3} Claimant has filed objections to the magistrate's decision. First, claimant contends that the magistrate erred in her findings of fact by quoting two paragraphs from the staff hearing officer's order while omitting a paragraph in between the paragraphs quoted. This court finds that this was not an error on the part of the magistrate. Instead, this court finds that, in quoting those portions of the commission's order, the magistrate was citing to the commission's comments on the vocational evidence, which the magistrate later held to be ambiguous. The entire commission's order is before this court and the magistrate's failure to cite the entire order does not constitute error on her part.
{¶ 4} Second, claimant contends that the commission did not apply an incorrect legal standard. However, upon review of the commission's order, this court agrees with the magistrate's conclusion that the commission's order is ambiguous. The commission specifically noted that it was inconceivable that the claimant would be employed in full-time remunerative employment. It is well understood that the relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693. Inasmuch as the Ohio Supreme Court has held that part-time employment can constitute some sustained remunerative employment, Toth, supra, the commission's statement in its order does render the order ambiguous as it is unclear whether the commission applied the proper standard in awarding claimant PTD compensation.
{¶ 5} Further, this court agrees with the magistrate's conclusions regarding the ambiguity caused by the commission's analysis of the claimant's vocational and medical factors as they pertain to whether she can learn a new job. The commission did, at one point, indicate that claimant could be trained while, at another point, indicate that claimant did not have the vocational capacity to be trained. This ambiguity must be resolved.
{¶ 6} Following an independent review of the record, this court finds that the magistrate has properly determined the pertinent facts and has applied the relevant law to them. As such, this court adopts the magistrate's decision as its own including the findings of fact and conclusions of law contained therein. Claimant's objections are overruled and this court will issue a limited writ of mandamus ordering the Industrial Commission of Ohio to vacate its March 29, 2000 order granting claimant permanent total disability compensation and the commission shall issue a new order, either granting or denying the requested compensation, which complies with the above cited law.
Objections overruled; limited writ of mandamus granted.
BOWMAN and BRYANT, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned by active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN MANDAMUS
{¶ 7} Relator, Clevite Elastomers, filed this original action in mandamus seeking a writ compelling respondent Industrial Commission of Ohio to vacate its order awarding compensation for permanent total disability ("PTD") to respondent Bertha Torok, and to issue an order that complies with State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, and State ex rel. Toth v. Indus. Comm. (1997), 80 Ohio St.3d 360.
Findings of Fact:
{¶ 8} 1. Bertha Torok ("claimant") sustained several industrial injuries. His first claim was allowed for right rotator cuff tear and right carpal tunnel syndrome. Her second claim was allowed for a bruised right knee. Her third claim was allowed for bruising of both knees and aggravation of preexisting arthritis of the right knee. The fourth claim was allowed for amputation of the tip of the left index finger.
{¶ 9} 2. In 1999, claimant filed a PTD application. Medical reports and vocational assessments were filed.
{¶ 10} 3. In March 2000, a hearing was held before a staff hearing officer, who granted PTD in an order including the following passages:
 * * * Considering that the claimant is limited to sedentary employment from a functional standpoint, has no transferable skills, and is now 66 years old, obviously claimant would have to undergo a relatively expensive vocational rehabilitation program in order to be employed. Claimant only has a 9th grade education, and most likely be required to obtain a GED degree prior to being accepted into a vocational rehabilitation program. This Staff Hearing Officer does not find it persuasive, from a realistic standpoint, that the claimant would be vocationally rehabilitatable given these factors.
* * *
 * * * From a theoretical standpoint as opined by Ms. Buccini, perhaps there are jobs that the claimant would be capable of performing. However, at age 66, with a 9th grade education, and no transferable skills, with relatively severe functional restrictions limiting the claimant to sedentary work with no overhead activity, it is inconceivable that the claimant would be employed in full-time remunerative employment. [Emphasis added.]
Conclusions of Law:
{¶ 11} Relator argues that the commission's order constitutes an abuse of discretion and that this court should grant a limited writ returning this matter to the commission. For the reasons set forth below, the magistrate agrees.
{¶ 12} In regard to the fundamental definition of PTD, it is well established that a person who can perform "sustained remunerative employment" is not permanently and totally disabled. Although the commission has broad discretion in determining PTD, the courts have rendered numerous decisions clarifying the boundaries of the commission's discretion. E.g., State ex rel. Morris v. Indus. Comm. (1984),14 Ohio St.3d 38. For example, the commission may find a claimant capable of sedentary work where the claimant can perform some, but not all, jobs encompassed within the definition of sedentary work. State ex rel. Wood v. Indus. Comm. (1997), 78 Ohio St.3d 414, 418. It is sufficient if the claimant can perform some type of work. Id. See, also, State ex rel. Roy v. Indus. Comm. (1998), 83 Ohio St.3d 199, 203.
{¶ 13} In addition, it is not necessary for an injured worker to be employable in full-time work in order to be capable of sustained remunerative employment. The Ohio Supreme Court stated unequivocally in Toth, supra, at 362, that the term "sustained remunerative employment" includes part-time work:
 Most of claimant's propositions can be disposed of summarily.
 As to proposition of law two, part-time work constitutes sustained remunerative employment. * * *
Although the Supreme Court has not defined the term "part-time work" as used in Toth, the courts have provided guidance in unreported opinions. In State ex rel. DeSalvo v. May Co. (1999), Franklin App. No. 98AP-986, affirmed (2000), 88 Ohio St.3d 231, the court indicated that, where a claimant is capable of working more than four hours per day by combining his abilities to sit, stand and walk, the commission may find the worker capable of sustained remunerative employment. See, also, State ex rel. Sinnott v. Ironton Iron, Inc. (2001), Franklin App. No. 01AP-187; State ex rel. Underwood v. Indus. Comm. (2000), Franklin. App. No. 00AP-412.
{¶ 14} On the other hand, functional abilities may be so limited that only brief periods of work activities would be possible, which would not constitute sustained remunerative employment. See State ex rel. Libecap v. Indus Comm. (1996), Franklin App. 96AP-29, affirmed (1998),83 Ohio St.3d 178. In Libecap, the commission found the claimant medically capable of sustained remunerative employment at the sedentary level, relying on a medical opinion stating inter alia that claimant could sit for no more than thirty minutes at a time. In mandamus, the court found that the commission abused its discretion in determining that claimant had the medical capacity to perform sedentary work because such work requires sitting most of the time and the commission had accepted that claimant could not sit for more than thirty minutes at a time. Therefore, regardless of the fact that the physician placed claimant in the "sedentary" category, the specific restrictions were so narrow as to preclude sustained remunerative employment.
{¶ 15} From decisions such as Toth, DeSalvo, Libecap, and State ex rel. Moss v. Indus. Comm. (1996), 75 Ohio St.3d 414, the magistrate extracts several principles. First, the standard under which PTD may be granted or denied is not whether the claimant can perform full-time remunerative employment. Sustained remunerative employment includes part-time work. Second, where a claimant can perform a work activity but only for a very limited amount of time (such as less than three or four hours per day), the commission may conclude that the claimant is permanently and totally disabled. The commission may award PTD where there are no jobs reasonably likely to accommodate the claimant's combination of medical restrictions and vocational limitations. However, where the capacities to sit, stand and walk can be combined to provide a capacity for sustained, remunerative, part-time employment, and where claimant's vocational limitations do not completely preclude such employment, PTD compensation may be denied.
{¶ 16} In the subject order, the commission indicated that PTD was awarded because claimant was not capable of full-time employment. That is not the correct standard. To the extent that other parts of the order suggest that the commission applied the correct standard, the magistrate concludes that the rationale is fatally ambiguous.
{¶ 17} In addition, the discussion of feasibility of vocational rehabilitation is ambiguous. The commission first indicates that claimant is capable of being trained but that it would be too expensive, but later indicates that claimant does not have the vocational capacity to be trained. The employer contends that the expense would fall on it, in any event. Further, the employer contends that the order is unclear as to why training was infeasible. Specifically, the order does not explain whether training was not a reasonable option because it was too expensive, or because claimant was too old or too intellectually limited, or a combination of those factors.
{¶ 18} The magistrate concludes that the expense of training is not a factor on which the commission may rely on remand, given the employer's admission that it must bear the expense. However, the removal of that factor does not mean that training is feasible for this injured worker based on the considerations set forth in State ex rel. Bowling v. Nat'l Can Corp. (1996), 77 Ohio St.3d 148; State ex rel. B.F. Goodrich Co. v. Indus. Comm. (1995), 73 Ohio St.3d 525; and State ex rel. Wilson v. Indus. Comm. (1997), 80 Ohio St.3d 250. It is for the commission to determine on remand whether claimant's vocational and medical factors permit or preclude learning a new job.
{¶ 19} The commission, in its brief, concedes that its order is defective and that a limited writ is warranted. The magistrate agrees and accordingly recommends that the court grant a limited writ, returning this matter to the commission to vacate its award of PTD and to issue a new order that grants or denies PTD in compliance with the above-cited authorities.