DECISION
{¶ 1} Relator, Virginia Whisman, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order which denied her application for permanent total disability compensation and to enter a new order granting said compensation.
{¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded relator had failed to demonstrate that the commission had abused its discretion and that this court should deny the requested writ.
{¶ 3} Relator filed objections to the decision of the magistrate essentially rearguing issues already adequately addressed in that decision. For the reasons stated in the decision of the magistrate, the objections are overruled.
{¶ 4} Following independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, the requested writ is denied.
Objections overruled; writ of mandamus denied.
BROWN and KLATT, JJ., concur.
 APPENDIX A IN MANDAMUS
{¶ 5} Relator, Virginia Whisman, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") compensation and ordering the commission to find that she is entitled to that compensation pursuant to State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. In the alternative, relator requests that the commission be ordered to vacate its order and to issue a new order determining her eligibility for PTD compensation after giving her the opportunity to submit interrogatories to Ms. Trent and after properly applying the applicable law.
Findings of Fact:
{¶ 6} Relator sustained a work-related injury on July 14, 1998, and her claim has been allowed for: "Sprain lumbosacral; aggravation of pre-existing degenerative disc disease at L3-4, L4-5, and L5-S1."
{¶ 7} Relator worked until March 1999.
{¶ 8} On February 1, 2000, relator filed an application for PTD compensation supported by the November 18, 1999 report of Dr. Jerry Sipple, who opined that relator should be considered permanently and totally disabled as he believed that she would not be able to work at any employment including sedentary employment.
{¶ 9} Relator was examined by Dr. Kenneth R. Hanington, who issued a report dated April 21, 2000. After noting his objective findings, Dr. Hanington concluded that relator had reached maximum medical improvement, assessed a ten percent whole person impairment, and concluded that, although relator could not return to her former position of employment, she should be capable of working in a light duty capacity.
{¶ 10} Dr. Hanington completed an occupational activity assessment wherein he indicated that relator could sit, stand and walk, each for three to five hours a day; was unrestricted in her ability to lift, carry, push, pull or otherwise move up to ten pounds; could occasionally climb stairs, use foot controls, crouch, stoop, bend, kneel, reach overhead and at floor level; was unrestricted in her ability to handle objects and to reach at both waist and knee level; and was precluded from climbing ladders.
{¶ 11} An employability report was prepared by Teresa L. Trent, CRC, CDMS, CCM. Pursuant to the report of Dr. Sipple, Ms. Trent concluded that relator was not employable. Pursuant to the report of Dr. Hanington, Ms. Trent concluded that relator could immediately perform the following jobs: "Surveillance-System Monitor," "Call-Out Operator," "Telephone Quotation Clerk," "Preparer," "Addresser," and "Document Preparer." Following appropriate academic remediation, Ms. Trent concluded that relator could perform the following additional jobs as well: "Travel Clerk," "Wire Transfer," "Reader," "Information Clerk," "Telephone Solicitor," and "Referral Clerk." Ms. Trent concluded that, given relator's current age of 63, she may have difficulty placing herself in an employment position. However, Ms. Trent noted that relator was eligible for vocational rehabilitation services through the Ohio Bureau of Worker's Compensation. Ms. Trent found that relator's 11th grade education was sufficient to obtain many entry-level unskilled jobs and that, based on her work history profile and education levels, she had the ability to acquire the necessary skills to perform entry-level jobs.
{¶ 12} On June 23, 2000, relator filed a motion requesting permission to submit interrogatories to Ms. Trent for the following reasons:
{¶ 13} * * * [I]t is my view that Dr. Hannington [sic], the IC's examining orthopedist, limited Ms. Whisman to less than a full range of sedentary work. This is a very important issue because jobs listed by Ms. Trent appear to me to require the physical ability to sit most of the day. * * * Beyond this, however, I do have a number of questions that I would like to pose to Ms. Trent as to her consideration of the Stephenson factors. * * *"
{¶ 14} By order dated August 11, 2000, a staff hearing officer ("SHO") denied relator's motion as follows:
{¶ 15} "The request for the submission of interrogatories to Ms. Trent is based upon the assumption that Dr. Hanington limited the claimant to less than full sedentary work. The claimant wants to submit interrogatories to Ms. Trent due to the belief that the jobs listed by Ms. Trent are outside the claimant's physical restrictions as noted by Dr. Hanington. The Staff Hearing Officer finds no evidence that Dr. Hanington limited the claimant to less than sedentary work. The Staff Hearing Officer further finds no evidence which contracts the employ-ability assessors report of Ms. Trent. Therefore, the Staff Hearing Officer finds that there is no reasonable basis to submit interrogatories to the vocational expert and the claimant's C-86 motion is denied. The processing of all pending issues is to resume."
{¶ 16} Relator's application for PTD compensation was heard before an SHO who issued an order dated December 20, 2000, denying the application based upon the medical report of Dr. Hanington and the vocational report of Ms. Trent. The SHO concluded that relator was capable of performing sedentary employment within the limitations and capabilities set forth by Dr. Hanington in his occupational activity assessment. After discussing the employability assessment prepared by Ms. Trent, the SHO offered the following independent analysis of the nonmedical factors:
{¶ 17} "The Staff Hearing Officer finds that the claimant is 63 years old, has an 11th grade education, and work experience as a hospital housekeeper. The Staff Hearing Officer finds that the claimant's age may pose some difficulty for her in placing herself in an employment position. The Staff Hearing Officer further finds, however, that the claimant's age would not disqualify her from accessing services for vocational rehabili-tation. Specifically, the Staff Hearing Officer finds that the claimant would be a good candidate to participate in services including retraining, job development, job placement, job seeking skill training, and job coaching. The Staff Hearing Officer further finds that the claimant's age would not prevent her from adapting to new work rules, processes, methods, procedures and tools involved in a new occupation. The Staff Hearing Officer further finds that the claimant's 11th grade education, with the ability to read, write and perform basic mathematics, is sufficient to access many entry level unskilled occupations. Based on the claimant's educational levels, the Staff Hearing Officer finds that she would be able to acquire the necessary skills to perform entry level occupations. The Staff Hearing Officer further finds that the claimant did not acquire transferable work skills as a result of her past work experience. However, the Staff Hearing Officer finds that the claimant demonstrated the ability to perform repetitive tasks as part of her past work profile, which would enable her to use those abilities to perform many entry level occupations. Considering the claimant's age, education, and work experience, the Staff Hearing Officer finds that the claimant is capable of performing the occupations identified in the Vocational Report submitted by Ms. Trent, such as: surveillance system monitor, call-out operator, telephone quotation clerk, preparer, addresser, and document preparer. Accordingly, the Staff Hearing Officer finds that the claimant is able to engage in sustained remunerative employment."
{¶ 18} Relator's request for reconsideration was denied by order of the commission mailed January 11, 2001.
{¶ 19} Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
{¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
{¶ 21} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. Gay, supra. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
{¶ 22} Relator first contends that the commission abused its discretion by denying her motion to submit interrogatories to the vocational expert, Ms. Trent. As stated previously, relator gave two reasons for deposing Ms. Trent: she believed that Dr. Hanington had limited relator to less than a full range of sedentary work, and she had questions to ask Ms. Trent as to her consideration of the Stephenson factors. In denying her motion to submit interrogatories, the commission concluded that there was no evidence that Dr. Hanington had limited relator to less than sedentary work and that there was no evidence which contradicted Ms. Trent's report and analysis. Upon consideration of the record, this magistrate agrees with the commission's conclusion.
{¶ 23} The administrative code does provide for the taking of depositions and the submission of interrogatories to a physician. However, nothing in the administrative code addresses requests to depose or submit interrogatories to vocational evaluators. Nevertheless, the commission has discretion to grant such a motion. In determining whether or not the commission abused its discretion by entering an order denying a request to depose or submit interrogatories, this court looks at whether the commission's order is supported by any evidence in the record and, looking at the administrative code, whether the commission's decision was reasonable.
{¶ 24} In reviewing the record, this magistrate agrees with the commission's finding that Dr. Hanington did not limit relator to less than a full range of sedentary work. Relator points to the fact that Dr. Hanington limited her to sitting for only three to five hours a day. Relator contends that these restrictions are less than sedentary. Relator argues that the commission borrowed the definition of "sedentary work" from that used by the Social Security Administration when it promulgated Ohio Adm. Code 4121-3-34(B)(2)(a). Because the Social Security Administration has specifically ruled that a person must be able to sit for at least six hours out of an eight hour day in order to perform a full range of sedentary work, relator contends that the record establishes that she is not able to perform sedentary work. This magistrate disagrees.
{¶ 25} First, the commission is not bound by any definitions or rulings utilized by the Social Security Administration. Secondly, this court has previously held that the ability to sit for up to five hours per day, in conjunction with the ability to stand and walk, satisfies the sitting requirement for sedentary work. State ex rel. Chapman v. Indus. Comm. (2001), Franklin App. No. 00AP-651. Furthermore, the ability to sit up to five hours a day alone would permit a part-time workday, which also constitutes sustained remunerative employment. See State ex rel. Toth v. Indus. Comm. (1997), 80 Ohio St.3d 360. As such, the commission did not abuse its discretion in denying relator's request to submit interrogatories on the basis that Ms. Trent had limited relator to less than sedentary work.
{¶ 26} Likewise, this magistrate finds that the commission did not abuse its discretion in denying the request on the basis that Ms. Trent improperly analyzed the nonmedical factors. In reviewing the proposed interrogatories submitted by relator, it appears obvious that the interrogatories ask Ms. Trent to restate her opinions and to provide relator with greater detail concerning those opinions. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact-finder. Teece, supra. Relator could have submitted her own vocational report hoping to contradict Ms. Trent's conclusions; however, relator chose not to. In reviewing Ms. Trent's report and relator's proposed interrogatories, it was not unreasonable for the commission to deny the request. Ms. Trent had given her opinion and her explanation. It was not unreasonable for the commission to refuse to require Ms. Trent to provide additional reasoning.
{¶ 27} Furthermore, the commission can reject vocational reports and conduct its own analysis of the nonmedical factors. See State ex rel. Jackson v. Indus. Comm. (1997), 79 Ohio St.3d 266. In the present case, although the commission did rely upon the vocational analysis prepared by Ms. Trent, the commission also conducted its own analysis of the nonmedical factors. As such, this magistrate finds that relator has not demonstrated that the commission abused its discretion in denying her request to submit interrogatories to Ms. Trent.
{¶ 28} Relator also contends that the commission abused its discretion in denying relator's application because the commission imposed a "de facto impairment standard." This magistrate disagrees. As long as an employee has the residual capacity to perform sedentary work (i.e., is not "totally impaired"), the commission will find jobs that they can perform.
{¶ 29} The commission's analysis of the nonmedical factors is included in the findings of fact. The commission found that, although relator's age may pose some difficulty for her in placing herself in an employment setting, her age would not disqualify her from accessing services for a vocational rehabilitation, would not prevent her from adapting to new work rules, processes, methods, or procedures and tools involved in a new occupation. The Ohio Supreme Court has found that there is not an age, ever, at which reemployment is held to be a virtual impossibility as a matter of law. See State ex rel. Pass v. C.S.T. Extraction Co. (1996), 74 Ohio St.3d 373. Here, the commission found that relator's age would not be a bar from her being able to become reemployed.
{¶ 30} The commission also found that relator's 11th grade education, with her ability to read, write and perform basic math, was sufficient for her to perform many entry-level unskilled jobs and that she would be able to acquire the necessary skills to perform entry-level occupations. As such, relator's education was seen as a positive factor. In considering relator's past work history, the commission noted that relator did not acquire any transferable work skills. However, the commission did find that relator's demon-strated ability to perform repetitive tasks would enable her to use those abilities to perform many entry-level occupations. The commission does not abuse its discretion when it finds that, although a claimant does not currently possess transferable skills, they have the capacity, based upon their age and education, to acquire new skills.
{¶ 31} The commission's order satisfies the requirements of Noll and, contrary to relator's assertions, the commission's order does not simply pay "lip service" to the requirements of Noll and Stephenson. Relator contends that some of the jobs routinely listed by vocational experts could be performed by anyone, no matter what their age, education or work history. Because anyone could perform these jobs, relator contends that the commission's conclusion that a particular claimant can perform some of these jobs simply permits the commission to find that people are not entitled to PTD compensation. This magistrate disagrees with relator's characterization of the commission's order. The commission is not even required to list any potential jobs.
{¶ 32} Relator cites several cases for the proposition that this court should award her PTD compensation pursuant to Gay. However, those cases involve claimants who lacked both transferable skills and the intellectual capacity to learn new skills. In the present case, the commission concluded that relator's educational level was sufficient to permit her to acquire necessary skills for entry-level unskilled sedentary work. This conclusion is supported by the evidence in the record that relator completed the 11th grade and has ability to read, write and perform basic math. The facts of the present case simply do not present a scenario where this court can find that the commission abused its discretion in denying relator's application for PTD compensation.
{¶ 33} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her application for PTD compensation and this court should deny relator's request for a writ of mandamus.