DECISION
{¶ 1} Relator, Michael Mariana, Sr. ("relator"), filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's application for permanent total disability ("PTD") compensation and to order the commission to find that relator is entitled to that compensation.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator filed objections, which essentially argue that the magistrate failed to enforce the proper standard for determining PTD benefits. Specifically, relator contends that the staff hearing officer ("SHO") did not conclude that relator is capable of sustained remunerative employment; rather, the SHO merely concluded that relator is capable of entry-level sedentary work.
 {¶ 3} Relator's objections essentially present the same arguments he made to the magistrate. However, we agree with the magistrate's careful analysis of those arguments, as well as her legal conclusions. While the SHO did not use the words "capable of sustained remunerative employment" in her concluding sentence following her analysis of applicable non-medical factors, the SHO's discussion of relator's abilities includes references to the "sustained remunerative employment" standard and to Dr. Bond's conclusion that relator is capable of performing sedentary work. While not as clear as relator would like, the SHO's findings were sufficient to deny relator's application for PTD compensation.
 {¶ 4} Having reviewed the evidence independently, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, relator's objections are overruled, and the requested writ is denied.
Objections overruled, writ of mandamus denied.
Brown and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Michael Mariana, Sr., :
Relator, :
v. : No. 05AP-1208
Industrial Commission of Ohio : and Spector Red Ball, Inc., :
Respondents. :
 MAGISTRATE'S DECISION Rendered on June 26, 2006 Stocker Pitts Co., LPA, and Thomas R. Pitts, for relator.
Jim Petro, Attorney General, and Sue A. Zollinger, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} Relator, Michael Mariana, Sr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for permanent total disability ("PTD") compensation and ordering the commission to find that he is entitled to that compensation.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on June 6, 1978, and his claim has been allowed for "herniated lumbar disc; aggravation of pre-existing degenerative arthritis and acute sciatic neuritis; lumbar degenerative disc disease."
 {¶ 7} 2. Relator continued working for various different employers until 2001. During that time, he received conservative treatment for his allowed conditions.
 {¶ 8} 3. In February 2002, spinal fusion surgery was performed.
 {¶ 9} 4. In September 2004, relator filed his application for PTD compensation. At the time that he filed his application, relator was 48 years old, had completed high school in 1973, and indicated that he could read, write, and perform basic math. Relator's prior work history included work as a dock worker, a bartender, a manager for a restaurant, a construction laborer, and a food handler.
 {¶ 10} 5. Relator submitted the August 30, 2004 report of Bina Mehta, M.D., in support of his application for PTD compensation. In that report, Dr. Mehta concluded as follows:
* * * Within a reasonable degree of medical certainty, due to his severe ongoing pain, I feel Mr. Mariana is permanently and totally disabled from gainful employment based solely on the allowed conditions of this claim. I do not feel that the injured [worker] could return to his former position of employment as a factory worker/assembly and, within a reasonable degree of medical certainty, I do not feel that he could return to any type of sustained remunerative employment, again based solely on the allowed conditions of this claim.
Dr. Mehta filled out a residual functional capacity evaluation providing certain restrictions upon relator including the following: relator could sit for one hour at a time and could stand for 30 minutes at a time; relator could sit for four hours during an eight hour work day and stand/walk for four hours during an eight hour work day; relator would need to walk for approximately five minutes every 45 minutes and would need a job which permits him to shift positions at will from sitting, standing and walking; relator would need to take a five minute break every 30 to 60 minutes; relator could lift and carry less than ten pounds frequently, up to 20 pounds occasionally, and never lift above 50 pounds; relator could stoop and crouch each for ten percent of an eight hour work day; and relator would likely be absent from work approximately four times per month.
 {¶ 11} 6. Relator was examined by Jess G. Bond, M.D., who issued a report dated November 1, 2004. After noting his physical findings, Dr. Bond indicated that relator does have very limited range of motion of his lumbar spine. Based solely upon the allowed conditions, Dr. Bond concluded that relator had reached maximum medical improvement, assessed a 20 percent whole person impairment, and completed a physical strength rating form indicating that relator was capable of performing sedentary work as that is defined in the Ohio Administrative Code.
 {¶ 12} 7. Relator submitted a vocational assessment report prepared by Mark A. Anderson. Mr. Anderson concluded that relator's reasoning was at a high school level, his math aptitudes were at a fourth grade level, and his language aptitudes were at a mid-eighth grade level. Ultimately, Mr. Anderson concluded that the "combined set of exertional and non-exertional variables has severely limited the claimant's ability to vocationally adjust to new work environments," and that there are "no occupations which match all of Mr. Michael Mariana's vocational restrictions." Mr. Anderson relied upon Dr. Mehta's conclusion that relator was not capable of sustained remunerative employment as well as his demonstrated poor manual dexterity; his lack of clerical aptitude; his math and reading aptitudes; his chronic back pain; his difficulties stooping, bending, kneeling and climbing stairs; his lack of transferable skills; his difficulty with balance; and his only being able to drive a car for limited short distances.
 {¶ 13} 8. Relator's application for PTD compensation was heard before a staff hearing officer ("SHO") on February 3, 2005, and resulted in an order denying the application. The SHO relied upon the medical report of Dr. Bond and concluded that relator was physically capable of performing sedentary work. Thereafter, the SHO addressed Mr. Anderson's report and found that it was not persuasive for the following reasons: (1) Mr. Anderson relied upon Dr. Mehta's opinion that relator was capable of performing less than a full range of sedentary work instead of relying upon the report of Dr. Bond; (2) Mr. Anderson failed to comment on relator's ability to be retrained to perform entry-level sedentary work; and (3) Mr. Anderson found that relator lacked any skills which would transfer to sedentary work. Instead, the SHO conducted her own analysis of the nonmedical disability factors. The SHO noted that relator was 55 years old and a high school graduate. After reviewing relator's prior work history, the SHO concluded that relator did have some skills which would be transferable to sedentary work such as supervisory skills, some clerical skills, and managerial skills. Furthermore, the SHO found that relator's ability to engage in a variety of different jobs demonstrated that relator is capable of adapting and learning new tasks. As such, the SHO concluded that relator was capable of performing some sedentary work and denied relator's application for PTD compensation.
 {¶ 14} 9. Relator filed a motion for reconsideration asserting that the SHO order contained a clear mistake of fact and law by substituting her own opinions relative to the vocational evidence. Relator asserted that the SHO ignored the evidence as to his vocational abilities.
 {¶ 15} 10. By order mailed May 14, 2005, the commission denied relator's request for reconsideration.
 {¶ 16} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 17} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. Stateex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewisv. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 18} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus.Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephensonv. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v.Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 19} In this mandamus action, relator essentially makes the following three arguments: (1) the commission refused to accept the uncontroverted vocational evidence in the record and substituted her own opinion in place of the evidence; (2) while Ohio Adm. Code 4121-3-34(D)(2)(b) provides a list of nonmedical factors to be considered, it is silent as to how to analyze, and that subparagraph (C) only contemplates a finding that the injured worker is capable of performing some sustained remunerative employment; and (3) the commission abused its discretion by denying his motion for reconsideration. For the reasons that follow, the magistrate finds that relator's arguments lack merit.
 {¶ 20} In his first argument, relator contends that the commission abused its discretion by ignoring the uncontroverted vocational evidence in the record. Specifically, relator refers to the vocational report prepared by Mr. Anderson and argues that the commission was required to base its analysis upon Mr. Anderson's testing results and his recitation of the vocational factors. This conclusion is not supported by the law.
 {¶ 21} It is undisputed that the commission has the discretion to accept one vocational report while rejecting another vocational report. See State ex rel. Jackson v. Indus.Comm. (1997), 79 Ohio St.3d 266. Furthermore, in State ex rel.Singleton v. Indus. Comm. (1994), 71 Ohio St.3d 117, the court noted that, to bind the commission to a rehabilitation report's conclusions makes the rehabilitation division, and not the commission, the ultimate evaluator of the disability factors contrary to Stephenson, supra. Furthermore, the commission can reject all the vocational reports and conduct its own analysis of the nonmedical disability factors. Jackson.
 {¶ 22} The commission is presumed to be an expert when it comes to nonmedical vocational factors. In fact, although the filing of vocational evidence can be helpful, the filing of vocational reports is not a requirement when applying for PTD compensation and the filing of vocational reports is not even considered necessary for the commission to analyze the nonmedical vocational factors. Although Mr. Anderson did conduct certain tests and based his opinion upon those results, the commission was not required to accept as conclusive evidence those results or opinions. As long as the commission provided an explanation of its analysis of the nonmedical vocational factors, the commission has not abused its discretion.
 {¶ 23} Relator also contends that the Ohio Administrative Code does not provide guidelines for how hearing officers should analyze the vocational evidence and only contemplates a finding that an injured worker is capable of performing some sustained remunerative employment. This magistrate disagrees.
 {¶ 24} Ohio Adm. Code 4121-3-34 provides, in relevant part, as follows:
(D) Guidelines for adjudication of applications for permanent total disability
The following guidelines shall be followed by the adjudicator in the sequential evaluation of applications for permanent total disability compensation.
* * *
(b) If, after hearing, the adjudicator finds that the injured worker, based on the medical impairment resulting from the allowed conditions is unable to return to the former position of employment but may be able to engage in sustained remunerative employment, the non-medical factors shall be considered by the adjudicator.
The non-medical factors that are to be reviewed are the injured worker's age, education, work record, and all other factors, such as physical, psychological, and sociological, that are contained within the record that might be important to the determination as to whether the injured worker may return to the job market by using past employment skills or those skills which may be reasonably developed. (Vocational factors are defined in paragraph (B) of this rule).
(c) If, after hearing and review of relevant vocational evidence and non-medical disability factors, as described in paragraph (D)(2)(b) of this rule the adjudicator finds that the injured worker can return to sustained remunerative employment by using past employment skills or those skills which may be reasonably developed through retraining or through rehabilitation, the injured worker shall be found not to be permanently and totally disabled.
 {¶ 25} As stated previously, the commission is presumed to be the expert relative to determining the nonmedical vocational factors. The Ohio Administrative Code provision quoted above lists those factors which the commission, as the evaluator, is to consider when determining whether or not a claimant has the ability to perform some sustained remunerative employment. Further guidelines are not required as it is up to each hearing officer to analyze the factors, set forth their explanation, and reach a decision. Furthermore, the lack of any reference in the Ohio Administrative Code finding that a claimant is entitled to PTD compensation after considering the medical restrictions as well as the nonmedical vocational factors, does not mean, as relator suggests, that there is only one conclusion that the commission can reach and that is that an injured worker is not entitled to PTD compensation.
 {¶ 26} In the present case, the commission relied upon the medical report of Dr. Bond and concluded that relator was capable of performing sedentary work. The commission did not rely upon the report of Dr. Mehta who arguably concluded that relator could perform a limited range of sedentary work. Furthermore, it must be remembered that, even an ability to perform part-time work constitutes an ability to perform some sustained remunerative employment. See State ex rel. Toth v. Indus. Comm. (1997),80 Ohio St.3d 360. Thereafter, the commission conducted its own analysis of the nonmedical vocational factors and concluded that relator's age of 55 years old would permit him to engage in entry-level sedentary work in competition with others. Furthermore, the commission found that relator did have some transferable skills, including his ability to supervise others, to manage, and some clerical skills. Furthermore, the commission found that relator's ability to engage in a variety of different jobs demonstrates an ability to adapt and learn new tasks. The commission found that this would be an asset to learning a new job and competing in the workforce.
 {¶ 27} Relator also argues that the SHO never actually stated that relator was capable of performing "some sustained remunerative employment." Relator points out that the SHO's final paragraph merely states that he "is able to engage in entry-level sedentary work." Relator asserts that the commission applied an incorrect standard. This magistrate disagrees.
 {¶ 28} At the beginning of the SHO's order, the SHO stated as follows: "the Staff Hearing Officer finds that the injured worker is not permanently and totally disabled." The SHO then indicated that, based upon the medical evidence, relator could perform at a sedentary strength level. Following an analysis of the vocational factors, the SHO found the relator could perform "entry-level sedentary work." OAC 4121-3-34(B)(1) provides that:
"Permanent total disability" means the inability to perform sustained remunerative employment due to the allowed conditions in the claim.
 {¶ 29} The commission is not required to use "magic words." Here, the commission stated that relator was not permanently totally disabled (i.e., he was capable of performing some sustained remunerative employment) as he could perform entry-level sedentary work.
 {¶ 30} The magistrate finds that the commission identified the evidence upon which it relied and that the commission's analysis of the nonmedical vocational factors meets the requirements of Stephenson and Noll and that the commission did not abuse its discretion in denying relator's application for PTD compensation.
 {¶ 31} Relator also contends that the commission abused its discretion by failing to grant his motion for reconsideration. Inasmuch as that motion for reconsideration only argued that the hearing officer refused to accept the uncontroverted vocational evidence in the record and substituted her own judgment for that of the vocational expert, Mr. Anderson, the magistrate finds that the commission did not abuse its discretion in denying relator's motion for reconsideration.
 {¶ 32} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion in denying his application for PTD compensation and this court should deny relator's request for a writ of mandamus.