This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael A. Payne ("Payne"), appeals his sentence and the imposition of costs entered by the Summit County Court of Common Pleas upon Payne's conviction for assault. We affirm.
 I. {¶ 2} On March 11, 2002, Payne was arrested for a probation violation based upon nonpayment of child support. In an unrelated matter, on March 25, 2002, a Summit County Grand Jury indicted Payne on one count of aggravated burglary, one count of rape, and one count of assault. On March 29, 2002, Payne entered a plea of not guilty to the grand jury indictments, and the matter proceeded to a jury trial. On June 12, 2002, the jury returned from deliberations with verdicts of not guilty on the aggravated burglary and rape charges and a verdict of guilty on the assault charge. Payne appeared before the trial court on July 18, 2002 for sentencing on the assault, at which time the trial court also addressed sentencing for the probation violation. The trial court sentenced Payne to 11 months on the probation violation and 6 months, the maximum allowable, on the assault, with the sentences to run concurrently.
 {¶ 3} The probation violation sentence was journalized on June 17, 2002, under case number CR 02-01-0019. The assault sentence was journalized on June 17, 2002, under case number CR 02-01-0712. Payne entered prison to commence his sentence on June 20, 2002. Payne timely filed a notice of appeal on the sentencing for the assault, raising three assignments of error. We rearrange the assignments of error for ease of discussion.
 II. Assignment of Error No. 2 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN IMPOSING MORE THAT (SIC) THE MINIMUM SENTENCE WITHOUT CONSIDERING THE APPROPRIATE STATUTORY FACTORS, SAID SENTENCE BEING CONTRARY TO THE LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD, AND THE TRIAL COURT HAVING FAILED TO MAKE THE REQUISITE FINDINGS TO SUPPORT THE SAME."
 {¶ 5} In his second assignment of error, Payne argues that the 11 month sentence for the probation violation is not supported by findings upon the record.
 {¶ 6} "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). "A party shall file the notice of appeal required by App.R. 3 within thirty days * * * of entry of the judgment or order appealed * * *." App.R. 4.
 {¶ 7} We note that no notice of appeal has been filed for case number CR 02-01-0019, the case for which the 11 month sentence was imposed. Because the case is not before this court, we decline to address this assignment of error.
 Assignment of Error No. 1 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN IMPOSING MAXIMUM SENTENCE ON COUNT THREE OF THE INDICTMENT, WITHOUT CONSIDERING STATUTORY CRITERIA, SAID SENTENCE BEING CONTRARY TO LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD."
 {¶ 9} In his first assignment of error, Payne argues that imposition of the maximum sentence for misdemeanor assault is contrary to law because the trial court did not make findings upon the record or in the judgment entry pursuant to R.C. 2929.22.
 {¶ 10} R.C. 2929.22 states in pertinent part:
 {¶ 11} "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim * * *; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender."
 {¶ 12} Upon consideration of Payne's arguments, we find the issue of a maximum sentence on the misdemeanor charge to be moot. Payne commenced service of his misdemeanor sentence in June, 2002, and so the six month sentence has already been served in its entirety. Further, the trial court ordered the 6 month misdemeanor sentence to run concurrently with a longer felony sentence. The felony sentence was not appealed; to reduce Payne's misdemeanor sentence would not result in an early release from prison, and Payne can demonstrate no prejudice from the imposition of the maximum misdemeanor sentence.
 Assignment of Error No. 3. {¶ 13} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN ASSIGNING COSTS TO THE APPELLANT, SAID IMPOSITION OF COSTS BEING CONTRARY TO THE LAW AND NOT SUPPORTED BY EVIDENCE IN THE RECORD."
 {¶ 14} In the final assignment of error, Payne argues that because he was convicted of only one of three counts of the indictment, that the total costs should be apportioned between the parties.
 {¶ 15} "In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs * * *." R.C. 2947.23. "It is axiomatic that when it is used in a statute, the word `shall' denotes that compliance with the commands of that statute is mandatory." (Emphasis sic.) Ohio Dept. of LiquorControl v. Sons of Italy Lodge 0917 (1992), 65 Ohio St.3d 532, 534. Therefore, R.C. 2947.23 mandates that the trial court assess the cost of prosecution against a convicted criminal defendant. State v.Satta, 3d Dist. No. 9-01-38, 2002-Ohio-5049, at ¶ 62. Costs are defined as the fees afforded officers, witnesses, jurors, and others for their services in a prosecution and which are authorized by statute to be assessed and included in the judgment. State ex rel.Commissioners of Franklin Co. v. Guilbert (1907), 77 Ohio St. 333,338; Centennial Ins. Co. v. Liberty Mutual Ins. Co. (1982),69 Ohio St.2d 50, 50-51.
 {¶ 16} In the case at bar, Payne was convicted on one of the three counts charged; therefore, the trial court must assess costs against him and did so in the judgment entry. We note, however, that the record of the trial court does not contain a breakdown of the costs assessed, or a total imposed. An appellate court is limited to what transpired in the trial court as reflected by the record made of the proceedings. State v.Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, we do not review to determine if any of the individual costs assessed are unlawful or "not supported by the evidence in the record." Further, it is not possible to determine whether the costs of prosecution would have been less if the matter proceeded to the jury on one count as opposed to three counts. We believe this would be so even if the record before us contained the complete cost information. Payne has not demonstrated that the costs are divisible between the counts of the indictment; his third assignment of error is overruled.
 III. {¶ 17} We decline to address Payne's second assignment of error. Payne's first assignment of error is moot. Payne's third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.