OPINION
{¶ 1} Plaintiff-appellant, Richard Winnestaffer, appeals a judgment of the Franklin County Municipal Court denying his motion to include the expenses of a private process server as court costs. Plaintiff assigns a single error:
 The trial court erred as a matter of law when it denied Plaintiff's motion to tax expenses of process server as court costs.
Because the expenses of a court-appointed private process server in municipal court properly may be included in court costs, we reverse. *Page 2 
 {¶ 2} Plaintiff's request for court costs arises out of a forcible entry and detainer complaint he filed in the Franklin County Municipal Court against defendant-appellee, Linda Smith, seeking restitution of the premises and monetary damages. On February 13, 2004, plaintiff was granted restitution of the premises. Plaintiff filed a motion for default judgment for the monetary damages; the trial court granted the motion on August 13, 2004, awarding plaintiff $5,938.10 plus costs and interest.
 {¶ 3} In an effort to collect the judgment, plaintiff attempted, but failed, to locate defendant. After filing in 2005 a certificate of judgment in the Franklin County Court of Common Pleas, plaintiff requested in 2006 that the Franklin County Municipal Court order a judgment debtor examination. Plaintiff first used certified mail in an unsuccessful attempt to notify defendant of her obligation to appear for a judgment debtor examination. After obtaining an updated address for defendant, plaintiff requested another judgment debtor examination for March 21, 2007. To reach defendant, plaintiff used a court-appointed private process server, and defendant was personally served on March 19, 2007 with the order to appear. After completing the judgment debtor examination, plaintiff filed a motion on April 18, 2007 to tax the expenses of the process server as court costs. The trial court denied the motion. On appeal, plaintiff contends the trial court erred in refusing to include the costs of the court-appointed private process server in the court costs defendant is to pay.
 {¶ 4} An award of court costs to a prevailing party is governed by Civ.R. 54(D), which provides that "costs shall be allowed to the prevailing party unless the court otherwise directs." "The subject of costs is one entirely of statutory allowance and control." (Citations omitted.) Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 555. *Page 3 
Costs consist of "the statutory fees to which officers, witnesses, jurors and others are entitled for their services * * * and which the statutes authorize to be taxed and included in the judgment."Centennial Ins. Co. v. Liberty Mut. Ins. Co. (1982), 69 Ohio St.2d 50,50-51. Whether to award costs to the prevailing party rests within the trial court's exercise of discretion. Day v. Meijer, Inc. (June 6, 2000), Franklin App. No. 99AP-984.
 {¶ 5} A sheriff typically executes summons, orders, or other process for the common pleas court. See R.C. 311.08(A). In the municipal court, bailiff and deputy bailiffs perform such services pursuant to R.C.1901.32(A)(6). See, also, Civ.R. 4.1(B) (stating "[w]hen process issues from the municipal court, delivery shall be to the bailiff of the court for service"). Alternatively, "process * * * may be delivered by the clerk to any person not less than eighteen years of age, who is not a party and who has been designated by order of the court to make service of process." In accord with Civ.R. 4.1(B) and 45(B), Franklin County Municipal Court Loc.R. 9.15 allows the court to appoint individuals as process servers for a period of one year.
 {¶ 6} Plaintiff here used neither the sheriff nor the bailiff, but instead relied upon a private process server appointed pursuant to Loc.R. 9.15. The trial court acknowledged that a process server properly is appointed in the municipal court pursuant to Civ.R. 4.1, but the court denied plaintiff's request to recover the expense of the process server because "Civ.R. 4.1 does not expressly authorize the assessment of the expenses of a process server as court cost[s]." (April 25, 2007 Entry, 4.) Although R.C. 311.22 permits a court to appoint a process server, the trial court concluded R.C. 311.22 does not apply to process servers a municipal court judge appoints. *Page 4 
 {¶ 7} R.C. 311.22 provides that a person the court appoints as process server "shall have the same power to execute such process or order which the sheriff has." R.C. 311.22 further provides an appointed process server "shall be entitled to the fees allowed to the sheriff for similar services." The sheriff has the authority to "execute every summons, order, or other process directed to him by a proper and lawful authority of this state * * * and exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law." R.C.311.08(A).
 {¶ 8} The trial court determined R.C. 311.22 to be inapplicable because the statute equates the power of an appointed process server to that of the sheriff who serves process for the common pleas court, not the municipal court. R.C. 1901.23, however, states that "[w]rits and process in a municipal court shall be served * * * in the manner provided for service * * * in the court of common pleas." R.C.1901.32(A)(6) states that "[t]he bailiff and deputy bailiffs shall perform for the court services similar to those performed by the sheriff for the court of common pleas." Because R.C. 1901.23 and 1901.32(A)(6) make the municipal court's bailiff the functional equivalent of a sheriff with regard to the duties of the court, the trial court's application of R.C. 311.22 is too constrained.
 {¶ 9} The trial court also noted that because R.C. 311.22 has not been amended since 1953, its relevance is "suspect in light of the adoption of Civ.R. 4.1(B) pursuant to the Modern Courts Amendment." (Entry, 3.) Civ.R. 4.1(B), however, allows a municipal court to use a private process server, making R.C. 311.22, a complementary section of the Revised Code providing compensation for a private process server, relevant to our determination. *Page 5 
 {¶ 10} Similarly, R.C. 2333.27 is pertinent. R.C. 2333.09 through2333.27 address judgment debtor examinations. R.C. 2333.27 provides that in cases under R.C. 2333.09 through 2333.27, the judge is to allow sheriffs "such compensation as is allowed for like services in other cases, to be taxed as costs in the case, and by order, shall enforce their collection from such parties as ought to pay them." Although the trial court considered R.C. 2333.27, it determined the statutory duties of a sheriff set out in those sections are specific and do not include serving an order for a judgment debtor examination.
 {¶ 11} R.C. 2333.25, however, states that "[t]he order requiring a judgment debtor to appear and submit to the examination provided for" in R.C. 2333.09 to 2333.27 "shall be * * * served as a summons." Because R.C. 311.08(A) allows the sheriff to serve summons or order of court, R.C. 2333.25 allows the sheriff to serve an order for a judgment debtor examination. R.C. 2333.27, in turn, grants the court the authority to compensate the process server, including the sheriff, for executing a judgment debtor examination order. Accordingly, the sheriff's fees for serving an order for a judgment debtor examination fall under the umbrella of compensable and taxable costs set forth in R.C. 2333.27.
 {¶ 12} When the various statutes are interpreted consistently, a prevailing party may recover the expense of a private process server the municipal court appoints to serve an order for a judgment debtor examination. R.C. 2333.27 permits a sheriff to recover costs for services relating to the examination of a judgment creditor, and it further allows the court to tax those expenses as costs. Under Civ.R. 4.1(B), a private individual the court appoints may undertake the duty of serving process, and R.C. 311.22 entitles a party using a private individual so appointed to recover the fees allowed to the sheriff for *Page 6 
process of service. In this case, plaintiff's process server was acting in the place of the municipal court's bailiffs, the functional equivalent of the sheriff pursuant to R.C. 1901.32(A)(6). Because the expense is recoverable as a court cost when a private process server is used instead of the sheriff, so also is the expense recoverable when a court-appointed private process server acts as the sheriff's functional equivalent, the municipal court bailiff.
 {¶ 13} While statutory authority permits a prevailing party to recover the expense of an appointed private process server, the amount to be recovered is subject to statutory limitations. R.C. 1901.26 states in relevant part, "[t]he municipal court shall * * * establish a schedule of fees and costs to be taxed in any civil or criminal action or proceeding." In the Franklin County Municipal Court, the schedule of costs and fees is found in Loc.R. 13, Schedule 9.00. The schedule lists fees for personal, residence, or sheriff service, as well as the fees for judgment debtor examination notices. The local rule thus supplements the noted statutory authority by acknowledging fees for serving judgment debtor examination notices and by setting the amount of fees recoverable for such services.
 {¶ 14} Plaintiff, however, does not seek to recover in accordance with the schedule in Loc.R. 13. Instead, plaintiff submitted to the trial court a request to tax $34.41 as costs: $26.31 for using a private process server and $8 for filing the judgment debtor examination. The local rule schedule allows recovery of only $30 as costs: $5 for filing the judgment debtor examination and $25 for personal service. Although the record indicates plaintiff paid the clerk $8 for filing the judgment debtor examination, it reflects no payment for service. *Page 7 
 {¶ 15} Given the above, we sustain plaintiff's single assignment of error to the extent the trial court determined plaintiff as a matter of law may not recover the costs of the private process server used to serve the court's order for a judgment debtor examination. Accordingly, we reverse the judgment of the trial court, but we remand this case to that court to exercise its discretion in determining whether to award process server expenses to plaintiff as costs, and if so, the amount to be awarded.
Judgment reversed and case remanded.
 BRYANT, BROWN and FRENCH, JJ., concur. *Page 1